## KETELTAS *a.* MYERS.

*New York Common Pleas ; General Term, June,* 1854.
*Again, March,* 1855.

### PLEADING.—COMPLAINT ON PROMISSORY NOTE.

*It seems* that where a decision of the general term affirming a decision at special term sustaining a demurrer is final, no leave to plead over being given, appeal should be taken directly from that decision as a judgment.

If, however, it be necessary as matter of form to wait until judgment is perfected in the action, and then to appeal from that judgment to the general term, before going to the Court of Appeals, the court will not as a general rule, permit appellant to argue on the second appeal the same questions which were discussed upon the first.

A complaint upon a promissory note which does not aver that the amount claimed therein is due *from the adverse party*, and that it is due *on the note*, is not conformable to the requisites stated in § 162 of the Code. It is not sufficient to aver that the amount is due to the plaintiff.

If the complaint is not drawn under that section, the pleader must aver a breach so as to show the default of the defendant.

I. *June,* 1854. Appeal from judgment at special term, sustaining demurrer to complaint.

The complaint in this action averred that the defendant "for value received, made and delivered to the plaintiff his promissory note, payable to the order of plaintiff and indorsed by him ;" and set out a copy of the note which was for the sum of two hundred and four dollars, sixty-seven cents. The complaint then concluded with the following allegation, succeeded by the usual demand of judgment.

"That there is due and owing the said plaintiff the said sum of two hundred and four dollars, sixty-seven cents with interest thereon," &c.

The defendant demurred to the complaint, for want of statement of facts sufficient to constitute a cause of action.

On the hearing of the demurrer at special term, judgment was ordered, in December, 1853, for the defendant, with leave to the plaintiff to amend within three months; the following opinion being rendered.

DALY, J.—The plaintiff avers that the note was made and delivered to him by the defendant. This is sufficient to show

title in the plaintiff, and a formal allegation that he is the owner or holder is unnecessary. There is no averment of a transfer of the note by indorsement. The complaint states that the plaintiff indorsed the note without setting forth anything further. This is a statement of an indorsement in blank without alleging a delivery, which amounts to nothing. The complaint is, however, in other respects defective, and the demurrer is well taken. The plaintiff was at liberty, the note being an instrument for the payment of money, to declare in the manner pointed out by the Code or in any other manner, if he sets forth sufficient to show that he had a good cause of action. If he frames his complaint in conformity to the Code, he must, in addition to giving a copy of the note, allege that there is due from the defendant on the note a certain sum, specifying it, or if he adopts a different mode of declaring, it must appear not only that the defendant entered into the contract, but that it remained unperformed when the action was brought. He must allege a breach, either in the old form that the defendant neglected and refused to pay the note; (1 *Chitty*, 365, 375), or at least that it remains due and unpaid (3 *Maule. & S.*, 150). After alleging the making of the note by the defendant, and giving a copy of it, the complaint states that there is due and owing to the plaintiff *the said sum* of two hundred and four dollars and sixty-seven cents, the amount which it appears by the note as set forth, the defendant promised to pay. The words " the said sum" do not, because the amount is the same with that stated in the body of the note, necessarily denote that the note remains due and unpaid, or that that sum is due and owing upon the note. For all that appears in the complaint, it might refer to some other sum due and owing to the plaintiff. There might be another note for the same amount to which it would be as applicable as the note declared on. In the present liberal mode of regarding pleading, it is not usual to insist upon great technical nicety in setting out a cause of action, but reasonable precision of language is essential under any form of pleading, and I should feel unwilling to admit by upholding the present complaint, that a complaint so framed would be a proper precedent hereafter. It must therefore be amended by averring either in accordance with the Code, that the amount specified is due and owing by

the defendant on the note, or else by inserting a general averment that the note remains due and unpaid.

From the judgment of the special term, the plaintiff appealed to the general term.

*C. B. Smith* for appellant.

*C. N. Potter* for respondent.

By the Court.—Woodruff, J.—The object of the Code of Procedure was to simplify the rules of pleading by practically dispensing with technical rules and forms, and useless verbiage, and to introduce a system in which it should be only necessary to state the substantial matter of complaint. But unless it has been done by section 162, the Code nowhere dispenses with a statement of the facts which, upon the trial it is necessary for a plaintiff to prove, in order to make out a cause of action. Liberality and freedom, as well as brevity and conciseness, are allowable; but looseness and uncertainty are nowhere sanctioned.

*First*, then, it was necessary before the Code, in declaring on a promissory note against the maker, that the plaintiff should aver—the making of the note, the promise contained therein or implied thereby, the facts which constitute the plaintiff the holder, promisee, or person entitled to enforce the promise—and the breach of promise contained in or implied from the making of the note. These were all matters of substance, and indispensable to a good declaration, and such matters are not dispensed with by the Code except so far as section 162 has introduced a new practice.

Tested by these rules, the complaint in this case appears to me defective. It consists of an averment that the defendant made and delivered to the plaintiff the promissory note, of which a copy is set forth, and that it is payable to the order of the plaintiff, and indorsed by him; "that there is due and owing the said plaintiff the said sum of $204.67, with interest from the second day of September." The making by the defendant is averred. The delivery to the plaintiff, payable to his order, is doubtless a sufficient averment of facts, constituting the plaintiff the holder, and entitling him to enforce the cause of action, if any. In conformity with modern decisions,

it may be said that an averment of the making and delivery of
the writing, and giving its very terms, to wit: "I promise to
pay," &c., is a sufficient averment of the promise by the de-
fendant, though it was formerly held otherwise. (See *Bac.
Abr. Tit. Assumpsit, F.;* Morris *v.* Norfolk, 1 *Taunt.*, 217;
Mountford *v.* Horton, 2 *New R.*, 62;) and cases cited in the
note. The only remaining requisite is the allegation of the
breach of promise. This need not be averred in any particu-
lar form, but it must be in such form that it charges default
of performance of the promise, and charges that default upon
the defendant; and in such wise that it shows default in the
defendant as the ground upon which damages are claimed,
and that it may be met by a distinct counter allegation, so as
to create a material issue; as by an averment that the de-
fendant hath not paid the sum mentioned in said note. And
in general as stated by Chitty, (1 *Chit. Pl.*, 325), the breach
should be assigned in the words of the contract, though it is
sufficient to assign the breach in words containing the sense
and substance of the contract. The action is not for the
making of the promise, but for the breach of it; and if that be
not avowed, it does not appear that the plaintiff has any cause
of complaint. In an action for the breach of a contract the
rule is the same. Now in this case, it is not averred that the
defendant has not paid, or has not performed his promise, in
any form; nor even that the money mentioned in the note has
not been paid, or that it remains unpaid. The pleader says
that the sum is due and owing to the plaintiff. This is the
statement of a mere legal inference from a breach which is
not averred at all. But even this is not charged upon the
defendant. He does not aver that the said sum is due and
owing to the plaintiff from the defendant. To warrant the
legal inference that the money is due and owing, it is neces-
sary to aver the promise and the breach of it by the defend-
ant, for without both of these, no such inference arises. The
plaintiff's counsel insisted on the argument that the possession
of the note and its production was sufficient to raise the impli-
cation that it was not paid. That may be conceded, but that
only goes to the mode in which the non-payment is to be proved,
and not to show that an averment of non-payment is unneces-
sary. A plaintiff must aver the facts essential to his right of

recovery; the mode of proving those facts is a different matter. I think the plaintiff here has failed to put the defendant in default by an averment of any breach of contract, or any facts amounting to such a breach, and, therefore, that the demurrer to the complaint was well taken, unless his complaint can be sustained by section 162 of the Code.

*Second.* By section 162 it is provided that in an action founded upon an instrument for the payment of money only, it shall be sufficient for a party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party a specific sum, which he claims. I agree with the opinion given at special term, that if a plaintiff seeks to avail himself of the privilege given by this section, he must conform to its requirements; and he cannot be allowed to say that the legislature have relaxed or dispensed with the former mode of declaring on a written instrument and given a substitute, and now the court may dispense with compliance with the rules required in the substitute itself. The sum claimed is neither alleged to be due on the note, nor to be due from the defendant.

The defects in this complaint are easily amended. The court would not, I think, have hesitated to allow an amendment even after this demurrer was interposed, without costs. The court have no disposition to withhold indulgence, or encourage objections that are trifling or unsubstantial; but there must be some rules of pleading and practice, and if so, they must be maintained. I think the order sustaining the demurrer and ordering judgment for the defendant should be affirmed.

Order affirmed.

II. *March,* 1855.—The plaintiff having declined to accept the leave of amendment granted him, judgment was entered against him in the action, at special term, December 9, 1854. From this judgment he again appealed to the general term.

By the Court.—Ingraham, F. J.—The present case comes. before us on an appeal from a judgment entered on a decision made upon a demurrer to the complaint.

The case was first heard at special term, and the demurrer

was sustained. From the order there made the plaintiff appealed to the general term, under section 349 of the Code, subdivision 2, where the order below was affirmed. The plaintiff declined to accept the leave granted to amend his complaint, and judgment was thereupon entered up for the defendant. The plaintiff has again appealed to the general term from the judgment rendered.

I. It may be doubted whether there was any propriety in this appeal. When the case was heard and decided at special term, the plaintiff was allowed three months to amend his complaint. That was in December, 1853. He refused so to do, and in February, 1854, the general term affirmed the order appealed from, but no further time was allowed to amend.

In Reynolds *v.* Freeman, (4 *Sand. S. C. R.*, 702), it was held that in cases where no right to amend or plead over is given, but the judgment is final, the appeal should be from that decision as a judgment. The time for amending had expired long before the decision and probably before the case was argued at general term, and as the plaintiff even after that decision declined to amend his complaint, the principle of the case cited may be applied here, so as to require the appeal to be from that judgment which followed the decision of the general term.

II. But whether or not an appeal after the entry of judgment is necessary to be made to the general term in such cases before going to the Court of Appeals, we do not permit an appellant to argue a second time on appealing from the judgment the same questions which were argued previously on an appeal from an order sustaining a demurrer. If it is thought necessary that an appeal should be made from a judgment rendered on demurrer in favor of a party demurring, after it has once been reviewed on the order made at special term, sustaining the demurrer, the decision so made in the first instance at general term, and the opinion therein delivered, must be taken as the decision and opinion of the court when the same question comes again before the general term on the second appeal, and no new argument will be allowed.

In the present case the rule would have been enforced, but the counsel for the appellant suggested that recent decisions of

the Court of Appeals might be applicable to this case; and with a view of examining these cases, a further argument was permitted.

III. My brethren have both delivered opinions in favor of the defendant on this demurrer, and when the case was before them on appeal from the order originally made, they concurred in the decision then made. For the reasons of that decision I refer to their opinions annexed to the papers now submitted.

It is very clear that the complaint cannot be said to come within the provisions of § 162 of the Code, because it does not state that the money claimed is due *from the defendant*, nor that it is due *on the note*, a copy of which is to be inserted in the complaint. The words of that section are, "and to state that there is due to him (the plaintiff) *thereon* from the adverse party," &c.

The words of the complaint are, that there is due and owing to the plaintiff the said sum, &c., not averring from whom it is due, or on what the money is claimed.

IV. Whether the pleading is good or not must therefore be decided by the rules generally applicable to pleadings, irrespective of the mode prescribed in § 162.

The objections made to this complaint were—

1. That the plaintiff does not aver himself to be the holder or owner of the note.

2. That it does not appear and is not stated that any part thereof remains unpaid.

3. That it is not stated that any sum is due or owing upon it.

4. That it appears the note has been indorsed by the plaintiff, and that the property of the note therefore is not in him.

In the opinions heretofore delivered, both of my brethren agreed in holding that no breach was averred in the complaint, and that it was therefore defective.

It is not now pretended that there is any formal breach contained in the complaint. The averment that the said sum of money (being the same in amount as the maker of the note promises to pay) is due to the plaintiff cannot be considered as either averring that the money secured by the note is due

or that the maker of the note is the party who owes the plaintiff.

Suppose the clause had been, "that a sum of money equal to the amount due upon the note was now due and owing," no one would pretend that to be an averment that the note was still unpaid, or that the maker of the note was indebted thereon to the plaintiff; and yet the meaning of the clause in the complaint does not vary materially from the form above given.

It is said, however, no express breach is necessary. This is conceded if the complaint had been drawn under § 162, but even that form has an averment which in fact amounts to the same thing. As this complaint does not comply with the requisites of that section, it becomes necessary to inquire whether an averment of a breach in not paying the note can be dispensed with in an ordinary complaint.

It is not necessary for me to repeat what has been said by my brethren before, to show that according to former rules of pleading before the Code, the complaint was defective.

We have now been referred to forms cited from 3 Chitty's Pleadings, 1411, &c., of the edition of 1844, to show that no breach was necessary in an action upon a note.

It may be doubted whether it was not intended in those forms to add the general breach which follows in the next division under the common counts. It certainly seems to have been so intended when a count on a note and the common counts were united together, as a form is given in such a case.

But whether it was or not, it is sufficient to say that these forms were adopted by the judges as short forms of pleading under the provisions of a statute which authorized the dispensing with many things which otherwise were necessary.

It was in fact a statutory form of declaring on a note, similar to that adopted in the Code, and which was of no authority where the statute was not in force. That form also contains an averment that the time of payment had elapsed, which is wanting in the present complaint.

We are also referred to the case of Allen v. Patterson, (3 *Seld.*, 476), as authority to show that no breach is necessary to be averred in the complaint. That case is no authority for such a proposition. The action was for goods sold and deli-

vered. The complaint charged that the defendant was indebted for goods sold and delivered by the plaintiff to the defendant in a specified sum, and that there was due and owing to the plaintiff from the defendant a specified amount. The objections taken to the complaint were two : first, as to the form in stating indebtedness as the ground of action, and second, that the allegation that "there was due to the plaintiff from the defendant," &c., was not a sufficient averment of a breach.

The Court of Appeals held that the first objection was untenable, because in stating what the indebtedness was for, the pleader had also stated all the facts necessary to constitute the cause of action as to the sale and delivery of the goods ; and as to the second objection, that the allegation that the amount was due from the defendant to the plaintiff, was an averment that the money sought to be recovered had become payable, or the time when it was promised to be paid had elapsed. Judge Jewett no where intimates that an allegation that the debt had become payable was unnecessary. On the contrary, the whole of his argument was to show that there was a breach of the contract averred, and that the term due was equivalent to " payable."

In the complaint now under consideration there is no allegation that the note has become payable, or that it is due, nor anything to show the defendant in default, except an allegation that a sum of money the same as that secured by the face of the note is due to the plaintiff—from whom or for what purpose does not appear. A general denial of all the facts stated in the complaint would not raise an issue as to whether the note had become payable or not, because there is no such allegation there. A denial of the latter allegation, that the sum of $204.67 was due to the plaintiff, would be immaterial, because it would be an issue upon a matter not connected with the note, the subject of the controversy. The defect has probably arisen from intending to use the statutory form, and yet departing from that form, brief as it is.

I am free to admit that these objections are strictly technical, and that under the present system of pleading, the courts should not encourage such technicalities any farther than is necessary for the due and orderly administration of justice.

And I think it is a matter unworthy of commendation that the counsel on both sides have seen fit to engage in this long contest on points totally unnecessary to the disposition of the merits of the controversy. The defendant might have made any defence that he had to the note on which he was sued, by setting the same up in his answer notwithstanding the technical objections which he has made to the complaint, and the plaintiff after the demurrer was put in would have been allowed to amend the same without costs, and he was so informed in one of the opinions heretofore delivered. When this case was formerly before the general term, I was disposed to disregard these defects as being merely matters of form, and such as by the provisions of the Code might be disregarded as not causing any injury or prejudice to the opposite party, though I did not doubt that as a pleading the complaint was defective, and the court then so decided.

The cases now cited, do not in any degree warrant the conclusion that in an action on a promissory note, it is not necessary in the complaint to show the defendant default as to payment, and even the short statutory form provided in section 162 of the Code, contains the averment of a breach which requires the plaintiff to say that there is due to him from the defendant on the note the amount claimed. If the pleader had gone thus far, it would have been sufficient. Not having done so, his complaint is defective, and if he insists upon the decision of the court upon this question rather than amend his complaint as suggested to him in the first instance, we must so hold, however much we may dislike to encourage such objections.

The judgment must be affirmed.

---

### SEYMOUR *a.* ELMER.

*New York Common Pleas ; General Term, April,* 1855.

DEFAULT IN JUSTICE'S COURT.—PROOF OF "MANIFEST INJUSTICE."

Defendant's attorney having suffered default in a district court by being delayed in arriving at court by circumstances liable to occur without his fault, he being under the misapprehension that no defaults were taken until an half hour after the return hour of the summons ; *held,* that the default was excusable.