## MARTIN vs. PUGH.

*Defendant's pleading and proof in action on promissory note.*

1. In an action upon a note, proof of *payment* cannot be received under a general denial.
2. In such action, under a counterclaim for money had and received, defendant cannot prove payment of usurious interest and have the same allowed, without having alleged specifically the facts showing usury.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint alleged that, on, etc., defendant executed and delivered to plaintiff his promissory note, whereby, for value received, six months from the date thereof, he promised to pay plaintiff $200; that said note is now lawfully held and owned

Martin vs. Pugh.

by the plaintiff, and there is now due and in arrear from defendant to plaintiff thereon $200, with interest from date. The answer admits that defendant executed and delivered to plaintiff the note described in the complaint, for a valuable consideration, but denies generally all the other allegations of the complaint. It also sets up a counterclaim for money had and received by plaintiff from defendant for the use of the latter Reply, in denial of the counterclaim.

Verdict and judgment for the plaintiff; and defendant appealed.

*E. Fox Cook*, for appellant, argued that all objections to the form of the answer were waived by the reply (8 N. Y. 2, 9 ; 10 Bosw. 143) ; and to the point that the allegation for " money had and received " was sufficient, cited 20 Wis. 406 ; 12 How. Pr. R. 326 ; 7 N. Y. 476.

*Rogers & Johnson*, for respondent, to the point that payment cannot be proved under a general denial, cited 2 Seld. 189; 5 Duer, 392; 21 Barb. 275 ; 16 N. Y. 297; 8 How. Pr. R. 273. To the point that usury cannot be proved unless alleged, they cited 5 Abb. 411; 15 How. Pr. R. 29 ; 21 N. Y. 567; 22 id. 472; 10 Wis. 333.

PAINE, J. This was an action on a promissory note, and the answer was a general denial, and a counterclaim for money had and received. On the trial, the defendant offered evidence of payment under the general denial, which was excluded because payment had not been alleged in the answer. Under his general counterclaim for money had and received, he offered to prove the payment of usurious interest, which he sought to recover back and have allowed. This was excluded, because he had not alleged specifically the facts showing usury. The authorities cited by the respondent show that the rulings of the court below were right on both points.

*By the Court.* — The judgment is affirmed.