## HAWES VS. WOOLCOCK.

PLEADING — *Payment of rent — Evidence.*

1. Under a general denial of a claim for rent, *payment* of the whole or a part of the rent *since the commencement of the action* cannot be shown; but such payment must be set up in a supplemental pleading by leave of court.
2. The judgment being reversed by reason of the admission of evidence of such payment under the general denial, and the cause being remanded, the court below may still grant leave to file a supplemental pleading, setting up such payment.
3. Where the rent has been paid, not by the party here pleading it, but by one B., who was jointly liable with him therefor, and in consequence of the judgment of a foreign court in an action brought by said B. against the party here claiming such rent: *Held*, that it is not necessary to introduce in evidence an exemplified copy of the judgment in said suit of B., but the fact of payment may be shown by *parol*, the same as if it had been a *voluntary* payment by B.

APPEAL from the Circuit Court for *Jefferson* County.

Action upon a promissory note payable to Wm. J. Hoare or order, and transferred by him to the plaintiff after the same became due.

The defendant set up in his answer a counter claim for the rent of a farm in Canada, which he alleged was leased by him to Wm. J. Hoare, the payee of the note, and to one Walter W. Hoare, and occupied by them for three years, and that the yearly rental thereof was of the value of three hundred dollars.

The reply to such counter-claim is a general denial.

On the trial the plaintiff was permitted to read in evidence the testimony of the defendant taken before a commissioner under the statute, at the instance of the plaintiff, which tended to show that after this action was commenced, a suit was brought against him by Walter W. Hoare in the court of Queen's Bench, in Canada, in which suit the defendant pleaded such rent as a set off, and that the same was allowed to him to the amount of seven hundred and fifty dollars. He says in his tes-

timony : "It was paid by set off in a suit in Canada, in which Walter W. Hoare was plaintiff and I was defendant." This testimony was objected to by the defendant, on the ground that it was inadmissible under the pleadings, and due exception was taken to the admission thereof. The amount due on the note by its terms at the time of the trial, was proved to have been $414.87. The jury returned a verdict for the plaintiff for $265 ; and judgment was entered therefor in favor of the plaintiff. The defendant has appealed from such judgment.

*L. B. Caswell*, for appellant, contended that to entitle plaintiff to proof that defendant's counter-claim had been adjudicated by previous litigation, the adjudication should have been pleaded. *Jessup v. King*, 4 Cal., 331. Even payment must be pleaded. *Martin v. Pugh*, 23 Wis., 184. The suit in Queen's Bench having taken place since the commencement of this, the plaintiff should have filed a supplemental pleading, as provided for in section 41 of chap. 125, revised statutes, 1858 ; *Matteson v. Curtis*, 14 Wis., 436 ; *VanPelt v. Kimball, et al.*, 18 Wis., 362 ; *Pike v. Miles*, 23 Wis., 164. The record of the court, or a transcript thereof obtained in the manner provided by law, was the best evidence of such a proceeding ; and the admission of this deposition to establish what was litigated in that tribunal, was error. *Spaulding v. Vincent*, 24 Vt., 501 ; *Lyon v. Bolling*, 14 Ala., N. S., 753 ; 7 Wend., 281.

*D. F. Weymouth, contra,* argued that the issue of fact was as to the alleged agreement with Hoare, the payee of the note, and the defendant might be asked any question showing that his conduct or former swearing was inconsistent with his claim in this case. In cases of this kind where the record of a former suit is not pleaded in bar, but the testimony of a party or other witness is merely sought to be impaired by showing his former statements, it has never been required that the record of the former case should be introduced.

LYON, J. It is obvious that the jury, in making up their

verdict allowed the defendant $900 rent for the use of his farm in Canada, less the $750 which he testified he obtained from Walter W. Hoare in the litigation in Canada. If, therefore, the evidence concerning the receipt of the $750, was improperly admitted, it is an error which must necessarily result in a reversal of the judgment.

It is claimed that the plaintiff should have pleaded the adjudication in Canada, and should have proved it by an exemplified copy of the judgment record in that suit, and that parol testimony of the amount allowed the defendant, and received by him, for the rent of the farm, was improperly admitted. But we think the principle that the contents of a record can, in general, only be proved in that way, is not applicable to this case. The question here is, whether the defendant has received from some other source, the rent or any portion of it, which he claims in this action. If he has, we see no good reason why the plaintiff may not prove the fact by parol testimony, without pleading the special circumstances under which the same was paid. Had Walter W. Hoare voluntarily paid the defendant the rent of the farm, the fact could, doubtless, have been proved by parol; and it seems to us that the circumstance that he paid it by compulsion at the end of a litigation, does not change the principle. In either case the material inquiry is, has the defendant received from Walter W. Hoare, the rent which he claims in this action?

But the testimony was inadmissible under the pleadings, for another reason. The payment of the rent should have been pleaded. This was so held in *Martin v. Pugh*, 23 Wis., 184; and that case is decisive of the present one. The payment having been made after the action was commenced, the plaintiff should have applied to the court for leave to make a supplemental reply setting up such payment. R. S., ch. 125, sec. 41. He may still make such application.

*By the Court.* — The judgment of the circuit court must be reversed, and the cause remanded for a new trial.