Rossiter vs. Schultz and another.

---

ROSSITER vs. SCHULTZ and another.

*March 7—March 31, 1885.*

*Pleading: Sale: Allegation of nonpayment.*

A complaint alleging the sale and delivery of property by the plaintiff to the defendant at an agreed price, and demanding judgment for such price, is sufficient, although it does not allege that no part of such purchase price has been paid. CASSODAY, J., dissents.

APPEAL from the County Court for *Milwaukee* County. The case is sufficiently stated in the opinion.

For the appellants there was a brief by *Wells, Brigham & Upham,* and oral argument by *Mr. Brigham.*

For the respondent the cause was submitted on the brief of *Rogers & Mann.*

TAYLOR, J. This is an appeal from an order of the county court of Milwaukee county, overruling the demurrer to the third cause of action stated in the complaint. On the first cause of action the plaintiff claimed $10,044, with interest from November 30, 1881; on the second cause of action he claimed $11,360.25, with interest from November 30, 1882; the third cause of action, to which the demurrer was inter-

posed, reads as follows: " And for a third cause of action this plaintiff alleges and shows to the court that he was heretofore the owner of the scow or steam-vessel named the ' Commerce,' which was used for obtaining sand and gravel from Lake Michigan as aforesaid. That on or about April 30, 1882, the said defendants, as copartners, aforesaid, duly purchased from and this plaintiff duly sold and delivered to them said scow or steam-vessel, together with a derrick used in connection therewith, at and for the sum of $1,500, which sum said defendants promised and agreed to pay this plaintiff therefor. Wherefore, the plaintiff, on account of the premises aforesaid, demands judgment against said defendants for the sum of $22,904.25, together with interest on $10,044 of said sum from November 30, 1881, and with interest on $11,360.25 of said sum from November 30, 1882, and with interest on the balance of said sum, to wit, $1,500, from April 30, 1882, together with the costs and disbursements of this action." The demurrer to this cause of action was general, " that the same does not state facts sufficient to constitute a cause of action." The county court overruled the demurrer, and the defendants appeal from the order overruling the same.

It is alleged by the learned counsel for the appellants that no cause of action is stated, because the complaint does not expressly allege that any part of the purchase price for the property sold and delivered to the defendants by the plaintiff, and purchased of the plaintiff by the defendants, was unpaid when the action was commenced. It must be admitted that under the old common-law rule of pleading the complaint is clearly defective in several respects: (1) in not alleging that the sale was made at the request of the defendant; and (2) in not alleging that the purchase money or some part of it had not been paid to the plaintiff by the defendants, although they had been requested to pay the same; and probably for other defects. But these rules of

the common law as to pleadings have been, to some extent at least, abrogated by the statutes of this state regulating pleadings in actions, and abolishing the old forms of action. Sec. 2645, R. S., reads as follows: "The forms of pleadings in civil actions in courts of record, and the rules by which the sufficiency of the pleadings are determined, are those prescribed by this chapter." The chapter referred to in this section is ch. 121, R. S. The next section (2646) prescribes what the complaint shall contain. It must contain the name of the court in which the action is brought, the county where the case is to be tried, and the parties, plaintiff and defendant. "2. A plain and concise statement of the facts constituting each cause of action, without unnecessary repetition. 3. A demand of the judgment to which the plaintiff supposes himself entitled; if the recovery of money be demanded, the amount thereof shall be stated." Section 2668: "In the construction of a pleading for the purposes of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties."

There is under these statutory provisions no objection to the complaint demurred to, unless it be that it does not contain a plain and concise statement of the facts constituting a cause of action. It does contain a concise statement of all the facts necessary to be proven by the plaintiff in order to entitle him to recover of the defendant the purchase price of the property alleged to have been sold by him to them. It alleges a sale by him to the defendants of the property described, for a specified price, and a delivery of such property to the defendants, and that the defendants purchased of him the same property for the agreed price of $1,500; and in his demand for judgment he claims the $1,500, with interest from the date of the sale and delivery thereof.

The facts stated do not mislead the defendants. They clearly apprise them that the plaintiff claims from them the alleged agreed purchase price for the property sold and de-

livered. But it is urged that the plaintiff fails to show that the purchase price was not paid, and so does not show a breach of contract on the part of the defendants; but this appears to us to be a mere technical objection and not a substantial one. If he had alleged it in his complaint, he would not have been required to prove it, even though the defendant had answered by alleging a payment of the price, nor upon a general denial. Why, then, under the statutory pleading, should the plaintiff be required to make an allegation in his complaint which it is unnecessary to prove upon the trial? We see no reason for such allegation. This court has repeatedly held that under the present rules of pleading payment is an affirmative answer, and it must be alleged in the answer in order to be shown as a defense. *Gregory v. Hart*, 7 Wis. 532, 540; *Martin v. Pugh*, 23 Wis. 184; *Hawes v. Woolcock*, 30 Wis. 213, 215; *Shipman v. State*, 43 Wis. 381, 385. Under the rule that payment must be set up as an affirmative defense, it is clear that the complaint states every fact necessary to be proven by the plaintiff on the trial to entitle him to a judgment in his favor, and when he has done that it seems to us that under the statute he has stated all the facts necessary to constitute a cause of action, and he need not go further and allege either what the law will presume, or matter which should come properly from the other side. Moak's Van Santv. Pl. 254–256, 329; *Maynard v. Talcott*, 11 Barb. 570.

The case of *Keteltas v. Myers*, 1 Abb. Pr. 403, cited by the learned counsel for the appellants, was not only reversed by the court of appeals (19 N. Y. 231), but, on page 233, the court say "that the objections to the complaint were strictly technical, and under the present system of pleading such technicality should not be encouraged further than is necessary for the due and orderly administration of justice. In our opinion they should have decided in conformity to these views. They should have gone further; they should

Rossiter vs. Schultz and another.

have declared the demurrer frivolous, as we now do." In the case of *Allen v. Patterson*, 7 N. Y. 478, JEWETT, J., says: "The Code requires that a complaint shall contain a plain and concise statement of the facts constituting the cause of action. Every fact which the plaintiff must prove to enable him to maintain his suit, and which the defendant has a right to controvert in his answer, must be distinctly averred or stated." And we think the rule stated is the correct one. Under the rules of pleading, as held by this court, suppose the plaintiff in the case at bar had alleged, in addition to what he has stated in his complaint, that there was due and owing to him from the defendants the sum of $1,500, for the purchase price of the property described in the complaint, could the defendants have made a good answer to such complaint by simply denying that there was any sum whatever due from them to the plaintiff on account of the sale of such property? We think it is clear that such an answer would have been no defense to the plaintiff's action, and would either have been stricken out as frivolous, or been properly subject to a demurrer on the part of the plaintiff. In the case of *Glenny v. Hitchins*, 4 How. Pr. 98, Justice SILL says: "If the complaint contains all the facts which upon a general denial the plaintiff would be bound to prove to entitle him to judgment, it then clearly contains a statement of the facts constituting a cause of action, and is sufficient under the Code. The sale and delivery are the issuable facts in the present case, and these, sustained by the testimony, determine the case for the plaintiff."

In the case at bar the issuable facts are the sale and delivery of the property to the defendants at the price stated, and are all the facts necessary to be proved by the plaintiff in order to make out a case against the defendants, and is therefore a sufficient statement of his cause of action.

*By the Court.*— The order of the county court is affirmed.

CASSODAY, J.   It must be confessed that the rules of pleading under the Code are exceedingly liberal.   Being so, there would seem to be no good reason for enlarging the statutory liberality by construction.   I am not aware of any reported case in any state having a Code like ours, holding a complaint for breach of contract good on demurrer which contained no allegation of the breach.   Unwilling to join in initiating this new departure from a well-established rule of pleading, I am necessarily forced to dissent.