HESSEL and another, Respondents, vs. JOHNSON, Appellant.

*January 12 — January 31, 1888.*

*Pleading: Sale of chattels: Payment.*

The words "sale" and "purchase" in a counterclaim are *held* to imply
an executed sale and that payment was made or a liability therefor
incurred.

APPEAL from the Circuit Court for *Door* County.

Action upon a judgment alleged to have been recovered
by the plaintiffs against the defendant in Delta county,
Michigan. The answer, besides defensive matters, contains
two counterclaims, the substance of the second of which is
stated in the opinion. The plaintiffs demurred to the sec-
ond counterclaim on the ground, among others, that it does
not state facts sufficient to constitute a cause of action.
The demurrer was sustained, and the defendant appealed.

For the appellant there was a brief by *O. E. & Y. V.
Dreutzer*, and oral argument by *Mr. O. E. Dreutzer.*

For the respondents there was a brief by *Hamilton &
Bacchus*, and oral argument by *F. J. Hamilton.* The coun-
terclaim was defective in failing to allege (1) that the ties
and posts were ever delivered to or accepted by the defend-
ant; (2) that the defendant ever paid the purchase price or
any part of it, for the posts and ties, or the time and man-
ner in which the payment should be made; (3) that the
defendant ever suffered any special damage by way of
expense or otherwise through such breach; and (4) that the
defendant ever suffered any special damage on account of
such breach, or through the misrepresentations alleged to
have been made by the plaintiffs. In an action on contract
for breach of warranty, payment must be pleaded because
it must be proved. 1 Abb. Forms, 384.

COLE, C. J. We think the demurrer to the second counterclaim set up in the answer should have been overruled. It is said it was defective because it failed to state that the defendant paid the purchase price of the lumber or that he sustained damage by reason of the breach of warranty as to its quality. The counterclaim states, in substance, that the plaintiffs, at the time named, sold to the defendant 10,960 cedar posts at five and one-half cents per post, and 2,070 tamarack ties at twelve cents per tie; that, for the purpose of inducing the defendant to make such purchase, the plaintiffs did then and there represent and warrant to the defendant that the cedar posts and ties were of a good and marketable quality; and the defendant, relying upon such representation, without inspection, purchased the posts and ties from the plaintiffs. It is further alleged that the posts and ties were not, as represented, of a good and marketable quality, but, instead of being as represented and warranted, were perfectly worthless; that, by virtue of the breach of warranty in the sale of the posts and ties, the defendant was damaged in the sum of $2,000.

We fail to see any defect in the statement of this counterclaim. The words " sale " and " purchase " imply a transfer of the title of the posts and ties from the plaintiffs to the defendant upon a valuable consideration. Presumably, the defendant paid for the property when he purchased it, or became liable to pay the agreed price. In order to determine the sufficiency of the pleading it is immaterial to inquire whether the facts stated show an actual payment of the purchase price or not. The words which are used, as we have said, necessarily imply an executed sale where payment was either actually made or a liability incurred for payment. This is the proper inference from the allegations used. If the defendant proves that he purchased the posts and ties at the agreed price, and they were not of a good marketable quality as warranted, but were perfectly

worthless, would he not make out a good counterclaim for damages? It seems to us he would. It is a familiar rule that, under the Code, pleadings are to be liberally construed. *Rossiter v. Schultz*, 62 Wis. 655, is one of the many illustrations of the application of this rule by this court.

*By the Court.*— The order of the circuit court sustaining the demurrer to the second counterclaim is reversed, and the cause remanded for further proceedings.