GOFF, Respondent, vs. STOUGHTON STATE BANK, Appellant.

*February 21 — March 21, 1893.*

*Negotiable instruments: Purchase of draft by bank: Evidence: Burden of proof as to payment.*

1. In an action against a bank to recover the purchase price of a negotiable check or draft to which plaintiff was not a party, he claimed that he handed it in with his bank book, requesting that the latter be balanced. Defendant claimed that plaintiff handed in the draft without the book and was immediately given the amount thereof in cash. *Held,* that plaintiff's bank book (which showed no entry of the transaction) was admissible to show that he had an open account at the bank, and also to contradict evidence on the part of the bank that such account had been balanced shortly before the time in question.

2. In such action the burden of proving payment for the draft was upon defendant.

APPEAL from the Circuit Court for *Dane* County.

This action is for the purchase price of a negotiable check or draft, owned by the plaintiff, drawn by A. F. Davis & Co. upon a Chicago bank, for $38.50, to the order of one Walters, and indorsed in blank by Walters. The complaint also contained a count for money had and received, charging that the defendant had collected $38.50 upon the draft, and failed to pay the same to plaintiff. The defense was payment at the time the draft was handed to the bank. It appeared that the plaintiff handed the draft over the counter of the bank to the cashier, early in April, 1889, and that he was at that time a regular customer of the bank, having an open account and a bank book. Plaintiff claimed that he handed the draft through the wicket, in his bank book, and requested that his book be balanced. On the other hand, the cashier claims that plaintiff handed the draft to him without the book, and with a request for ·

the cash thereon, and that he immediately gave plaintiff the money. The alleged payment is denied by the plaintiff. The plaintiff's bank book, which was introduced in evidence, shows no entry, either debit or credit, pertaining to the draft, nor does plaintiff's account on the books of the bank show any entry thereof. The draft was not indorsed by plaintiff. The case has been before this court upon a former appeal, and is found reported in 78 Wis. 106. From verdict and judgment for plaintiff, defendant appeals.

For the appellant there were briefs by *J. M. Clancey* and *R. M. Bashford*, and oral argument by *Mr. Clancey*.

For the respondent there was a brief by *Luse & Wait*, and oral argument by *L. K. Luse*.

WINSLOW, J. Two questions are raised and argued: First. Was the plaintiff's bank book admissible in evidence on plaintiff's behalf? Second. Was the instruction requested by defendant, to the effect that the burden of proof was on the plaintiff to show that the draft was not paid for in cash when it was handed to the cashier, properly refused?

1. As to the bank book. It was an account kept by defendant of the business transactions between it and plaintiff at and just prior to the time the check was handed in to the bank. The plaintiff contending that he handed in the draft in the book, thus indicating that he desired credit therefor upon his account, was certainly entitled to show that he then had an open account at the bank, and this fact the book certainly proved. Furthermore, there was a serious conflict in the evidence as to when this open account was balanced, the defense claiming and relying upon their own ledger account to show that it was balanced March 30th, and the plaintiff claiming that such balance was struck in April. One item in the plaintiff's bank book

Goff vs. Stoughton State Bank.

tended to contradict defendant's claim, and show that the balance was not struck until April 1st at least. In this view, also, the book was properly admissible.

2. As to the burden of proof. If the plaintiff had sold any ordinary article of personal property to the defendant, the burden of proving payment therefor would certainly be upon the defendant. *Rossiter v. Schultz*, 62 Wis. 655. Does this rule apply in the present case? We think it does. It is true that in an action upon a negotiable instrument against makers or indorsers the holder is presumed to be the owner for value before due. This rule is simply for the protection of negotiable paper as a medium of exchange by giving it a presumptive faith and credit. When it is purchased, the purchaser knows that, as against the parties thereto, he has this presumption in his favor, and thus negotiable paper is enabled to play so great a part in the business transactions of the world. Were the bank suing the drawer or indorser of the check on account of nonpayment by the drawee, it would have this presumption in its favor. But there is no such case here. The action is not brought to recover upon commercial paper, nor is the integrity of the paper in any way involved. It is brought by one not in any way a party to a negotiable instrument, against a purchaser thereof, to recover the purchase price. We see no reason why there should be any presumption that it was paid for when sold, any more than in case of sale of any other chattel.

*By the Court.*— Judgment affirmed.