## GREENFIELD vs. WRIGHT, WILLIAMS & Co.

In an action of assumpsit for money paid, the plaintiff may prove the payment of money on the drafts of the defendant, without producing or accounting for the drafts.

*Writ of Error to the Circuit Court of Jefferson County.*

Hon. J. C. MURRAY, Circuit Judge.

FOWLER, for plaintiff. The point saved by exception, as to the impropriety of the evidence offered to prove *payment* of the *drafts, &c.,* mentioned in the *account,* without producing the drafts, or showing cause why they were not produced, by proof of their *loss* or destruction, &c., or even proving that *Greenfield* had drawn them; or in any wise authorized their payment, &c., it is insisted, on the part of Greenfield, was well taken in law.

And 1*st.* It is well settled law, that no person can be made the *debtor of another* against his will; but he must voluntarily become the debtor, either by express or implied consent. And *Wright, Williams & Co.,* could not make *Greenfield their debtor,* by paying drafts, or his debts to others, the holders of the drafts, without proving that *Greenfield requested it,* or in some way authorized them to do so. See *Heirs of Emerson vs. Hall,* 13 *Pet. Rep.* 412; *Chrisman vs. Long,* 1 *Carter (Ind.) Rep.* 213; *Hamilton vs. Seaman, ib.* 189; *Young vs. Dibnell,* 7 *Hump. Rep.* 270; *Bartlett vs. Glasscock,* 4 *Missouri Rep.* 70; *Bertrand vs. Byrd,*

5 *Ark. Rep.* 657; *Exall vs. Patridge*, 8 *Term. Rep.* 310; *Oden vs. Elliott's exr.*, 10 *Ben. Mon. Rep.* 315.

2*d*. Parol evidence of any material *fact*, agreement, or writing, cannot be received, when the written evidence exists, and can be controlled by the party. See 2 *Esp. Nisi Prius* 780; 2 *Stark. Ev.* 318; *Stone vs. Waggoner*, 8 *Ark. Rep.* 206; *Sebree vs. Dorr*, 5 *Cond. Rep.* 680; *Renner vs. Bank of Columbia*, 5 *Con. Rep.* 699.

If the plaintiff's below took up *Greenfield's drafts*, or *paid* them, whether drawn on them or a third person, at *his request*, it was their business to preserve and prove the drafts, and their authority for paying them; and failing to do so, they should be held to abide by the consequences.

YELL, for defendants.

Mr. Justice SCOTT delivered the opinion of the Court.

The defendants in error sued in assumpsit, in the Jefferson Circuit Court. The declaration was of three *indebitatus* counts, for money, interest, commissions, merchandise, invoices, work and labor, balance due upon an open account, and upon an account stated; all in the most full and formal manner: the demand being laid as due on the 18th of June, 1852. There was no special count. The pleas were non-assumpsit, payment, and set-off, upon which issues of fact were formed and tried by jury. No bill of particulars was offered or asked. There was no evidence, on the part of the plaintiffs, but that contained in a single deposition, which appears to have been regularly taken on notice, and to which there was no objection made as for irregularity. There was no evidence at all on the part of the defendant, and no motion for a new trial. When the deposition was offered to be read to the jury, the defendant moved to exclude from them, all that part of it which went to prove those items, in the exhibit attached thereto, (which was a detailed account in debits and credits of sundry items,) which charged the defendant for drafts paid: on

the ground that the evidence offered, as to these items, was sec-
ondary. But the court overruled his motion, and he took a bill
of exceptions. The verdict and judgment having been rendered
against him, he sued out a writ of error, and having obtained a
supersedeas of the execution in the vacation of this court, has as-
signed here for error, the overruling of his above mentioned mo-
tion.

The plaintiff did not seek to recover upon any written security,
but upon an implied parol contract. If the drafts charged to have
been paid had been produced, they, of themselves, would not have
proved the plaintiffs' allegation of money paid for the defendant,
otherwise than by the presumption of that fact, which would have
arisen from the possession of them. But although he might have
proven this allegation thus—it does not follow that he might not
have proven it also by any witness who knew the fact otherwise,
as by one who might have seen the money paid, and the drafts
taken up. A draft is no written instrument of evidence, designed
by the parties to show its own payment by the drawee. It pur-
ports no such thing. Much less, then, is it, even in the hands of
the drawee, such written evidence of that fact, as to exclude all
parol evidence to the same point unless produced, or its loss or
destruction be first proven. If the defendant had desired more
minute information of the items of the plaintiff's claim against him,
he might, doubtless, have obtained it, by asking for a bill of par-
ticulars, which, in this case, he did not. If he had feared a fraudu-
lent use by the plaintiff of the drafts in his hands, for the pay-
ment of which the latter proceeded against him, doubtless by a
timely application, the court would have ruled their production
in court, and their surrender at the hearing—and if he had de-
sired more explicit proof, as to whether these drafts were drawn
on the plaintiffs, or on a third person, or at his own request, or
as to the plaintiffs' authority to pay them, he doubtless might
have obtained some light on these points, or on some of them, if
he had availed himself of his privilege to attend, when notified,
as he was, and had cross-examined the witness. Whether the

verdict and judgment are sustained by the evidence, or whether the jury were misled in any way by instructions of the court, are questions in no way presented on this record. But the only question is, whether or not the court erred in overruling the motion above mentioned: and we do not think it did. The judgment will be affirmed with costs.

Absent, Mr. Justice WALKER.