280          COURT OF APPEALS OF WEST VIRGINIA.

Jan'y Term,        Dickinson's Executors vs. Clarke et al.        1872

# Charleston.

JOHN J. DICKINSON'S EXECUTORS vs. JAMES T. CLARKE et al.

January Term, 1872.

1. Without proof of loss, or inability to produce the original power of attorney, no copy thereof can be admissible as evidence, unless it be such a copy as is provided for by the 20th § of chap. 130 of the Code, 1868.

2. Objections to a deposition, that might be waived, if not made at the time of its being taken, or, at least, for not being taken and noted before the trial of the case, are such as relate to the regularity of the taking of it, and not such as refer to its competency.

3. The admissions of one of the parties to the record, whether as plaintiffs or defendants, are competent evidence against all other parties to the suit who have a joint interest in the matter of it, with the party making the admissions. Yet such admissions do not seem competent by one who is not a party to the suit, though jointly interested in the subject matter thereof with the parties to the record, or some of them. But the admissions of one party, whether he be a party to the record or not, are not competent to establish the fact of such joint interest with other parties to the suit. That fact must first be made out by independent testimony; and until that is done such admissions can only be evidence against the party making them.

Action of assumpsit in the circuit court of Kanawha county; declaration filed August rules, 1868. James T. Clarke and others were plaintiffs, and the executors of John J. Dickinson defendants. The declaration alleged the sale by the plaintiffs, and purchase by the defendant's testator and four others, of the steamboat "Mollie Norton," on the 27th of October, 1867, for the price of twenty-one thousand dollars.

On the trial of the case, the plaintiffs offered in evidence the deposition of one Alex. Vance, with a *copy* of a power of attorney attached, as an exhibit. This power of attorney purported to be given by the testator to one Colonel J. L. Vance, who was one of the partners in the purchase of the boat, to act for him in the purchase of one-fifth of the boat.

The original of the power of attorney was in possession of the deponent, but he refused to file it as he had been directed by Colonel Vance not to do so. The defendants objected, but the same was overruled and they excepted to the reading of the copy of the power of attorney and so much of the deposition as referred thereto.

The plaintiff also introduced the following certificate:

### "ENROLLMENT OF STEAMER 'MOLLIE NORTON.'
### No. 26—Permanent.
#### *An Act of the Congress of the United States.*

Enrollment in conformity to an act of the Congress of the United States of America, entitled 'An act for enrolling and licensing ships or vessel to be employed in the coasting trade and fisheries, and for regulating the same,' approved February 18th, 1793. And of 'An act to regulate the admeasurement of tonnage of ships and vessels of the United States,' approved May 6th, 1864.

Snelling C. Farley, of Charleston, West Virginia, having taken or subscribed to the oath required by the said act, and having sworn that he owns one-fifth (1-5th); J. J. Dickinson, of the same place, owns one-fifth (1-5th); J. L. Vance, of Cincinnati, Ohio, one-fifth (1-5th); Isaac Jacobs, of same place, one-fifth (1-5th); Samuel Bear, of same place, one-fifth (1-5th), and are citizens of the United States, sole owners of the ship or vessel called the 'Mollie Norton,' of Cincinnati, whereof Snelling C. Farley is at present master, and, as he hath sworn, is a citizen of the United States; and that the said ship or vessel was built," &c., which was duly attested by the surveyor of customs at Cincinnati, and of record in the custom house at that place. Concerning which the defendant asked the following instruction: "The certificate of enrollment put in evidence in this cause is admissible to prove that the 'Mollie Norton' was legally enrolled in the custom house, and of the names of the persons entitled as owners. But the recital in the certificate of enrollment of the contents of the affidavit of her captain, S. C. Farley, cannot be considered as evidence by the jury to prove that John J. Dickinson was at any time a part owner of said steamer."

36

Which being refused, they again excepted. Verdict and judgment for plaintiffs, April term, 1869.

The defendants brought the case to this court.

*Quarrier* for the plaintiff in error.

*Mollohan & Nash* and *Hedrick & Fitzhugh* for the defendants in error.

BERKSHIRE, P. Three objections are urged against the judgment complained of.

The first is that the court erred in admitting the copy of the power of attorney from John J. Dickinson to John L. Vance, mentioned in the appellant's first bill of exceptions. This copy was filed as an exhibit with the deposition of A. Vance, taken by consent, previous to the trial. There was no evidence to show that the *original* was lost or could not be obtained or produced on the trial; but on the contrary, it appears from said deposition that it was *then* in the possession of the witness, who declined to file it, alleging that it was the private paper of Colonel John L. Vance. Without such proof of the loss, or inability to produce the original, no copy of it could be admissible, unless it was such a copy as is provided for by the 20th section of chapter 130 of the Code of W. Va., p. 618. But the copy in question does not appear to have ever been acknowledged for recordation, nor is it properly authenticated, as required by the section just cited, and was not therefore admissible evidence against the defendants. It was suggested in the argument here, that the defendants had waived their objection to the introduction of the copy, by failing to except to the filing of it at the time the deposition, with which it was filed, was taken; or, at least, for not taking and noting their exceptions before the trial of the cause. But the objections to the testimony that might be thus waived are such only as relate to the *regularity of the taking of it*, and not to such as refer to its competency. *Fant* vs. *Miller & Mayhew*, 17 Grat., 187; *White* vs. *Heavner, infra*.

The second error insisted on by the appellant is the refusal of the court to give the instruction referred to in their second bill of exceptions.

It appears that after the plaintiffs had introduced a copy

of the enrollment of the steamer "Mollie Norton" (in controversy in this suit), in the custom house at Cincinnati, duly authenticated, the defendants asked the court to instruct the jury that "the certificate of enrollment put in evidence in this cause is admissible to prove that the 'Mollie Norton' was legally enrolled in the custom house, and of the names of the persons enrolled as owners. But that the recital, in the certificate of enrollment, of the contents of the affidavit of her captain, S. C. Farley, cannot be considered as evidence by the jury to prove that John J. Dickinson was at any time a part owner of said steamer." The affidavit of said Farley (referred to) sets forth that he, John J. Dickinson and three others, named therein, each owned one-fifth of the said steamer *at the time* of such enrollment.

It was insisted by the counsel for the appellees, that this was competent evidence against the defendants in this action, as the executors of John J. Dickinson, as tending to establish the alleged joint purchase of said Dickinson from the appellees, of the said steamer, and the consequent liability of his personal representatives for the unpaid purchase money. As a general rule, it seems to be well settled that the admissions of *one* of the parties *to the record*, whether as plaintiff or defendant, are competent evidence against all other parties to the suit, who have a *joint interest in the matter* of it, with the party making the admissions. But whether the declarations and admissions of a person who is *not* a party to the suit, though jointly interested in the subject matter of the suit with the parties to the record, or some of them, does not appear to be settled, and I cannot find that *such* admissions have, in any instance, been allowed in evidence against the parties to the record. 1 Greenleaf, Ev. S. 172, 173, 174, and authorities referred to in notes.

However the latter proposition may be, we think it very clear that the admissions of one party, whether he be a party to the record or not, is not competent to establish the fact of such joint interest with other parties to the suit. *That* fact must first be made out by independent testimony; and until that is done, such admissions could only be evidence against the party making them.

The other testimony in the cause, though *tending* to prove

the joint interest of John J. Dickinson, deceased, with the said Farley, in the matter in controversy, is not, in my judgment, sufficient to let in his admissions contained in said affidavit, even if he were a party defendant in this suit.

I think, therefore, the court committed an error in overruling the defendant's said instruction.

The third objection to the judgment is, that the court erred in overruling the appellant's motion for a new trial.

As the case has to go back to the circuit court for a new trial, and the same question will not necessarily arise again, we deem it unnecessary to consider this objection.

I think the case should be reversed, with costs, and remanded to the circuit court for further proceedings.

The other judges concurred.

JUDGMENT REVERSED.