# WHEELING.

## HUBBARD v. KELLEY.

### July 17, 1874.

1874.
June Term.

1. A suit brought by a taxpayer to recover back illegal taxes paid by him to a collector of the United States Revenue, must conform to the Act of Congress,—section nineteen, Act July 13, 1866.

2. It is incumbent on the taxpayer to show, before he can maintain an action against the collector, that he has complied with all the prerequisites and conditions prescribed by the Act of Congress.

3. The plaintiff having testified that he made the appeal, required by the said nineteenth section, in writing, he should produce the written appeal in evidence, or an authentic copy thereof, or show good cause for its absence,

4. In the absence of proper evidence of such appeal, a letter purporting to be that of the commissioner of internal revenue, to the plaintiff, saying that his claim for refunding $211.67, had been rejected, but not showing on its face that it was relevant to the issues and no legal evidence being introduced to connect it with the subject matter of the suit, is not admissible. The presumption is that if an appeal had been properly taken by the plaintiff, according to the Act of Congress, in such cases, and the commissioner decided the appeal overruling the same, that he made an official record of the same, and the date thereof, in his office, and an official copy of the official entry, so made by the commissioner, is the best evidence of such decision, and the letter of the commissioner can not be received as evidence to prove the decision of the commissioner, or the date thereof, (if allowable at all) unless the absence of said best evidence is first properly accounted for.

At a court held in and for Ohio county, at which the Hon. John Blair Hoge, judge of the third judicial district, presided, on the 3rd day of June, 1873, a judgment was rendered in favor of William P. Hubbard, the plaintiff, against Benjamin F. Kelley, the defendant, for

the sum of $266.80, with interest thereon, and the costs. The action was in form *indebitatus assumpsit.*

The defendant applied to a judge of this Court for a *supersedeas* to the said judgment, which was allowed.

The other facts appear in the opinion of the Court.

*Nathan Goff, Jr.,* and *George B. Caldwell,* for appellant.

*William P. Hubbard, pro se.*

MOORE, JUDGE:

As admitted by the appellee, in argument, although this action is in form, as against Kelley, *indebitatus assumpsit,* it is virtually against the United States, under the ninth and nineteenth sections of the amendatory internal revenue act of July 13, 1866, chapter one hundred and eighty-four, Stat. at Large, vol. 14, pages 111, 152. Section nineteen declares: "That no suit shall be maintained *in any court* for any tax alleged to have been erroneously or illegally assessed or collected, *until appeal* shall have been duly made to the commissioner of internal revenue according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury, established in pursuance thereof, and a decision of said commissioner shall be had thereon, unless such suit shall be brought within six months from the time of said decision, or within six months from the time this act takes effect: *Provided,* That if said decision shall be delayed more than six months from the date of such appeal, the said suit may be brought at any time within twelve months from the date of such appeal."

Section nine prescribes: "That the commissioner of internal revenue, subject to regulations prescribed by the Secretary of the Treasury, shall be, and is, hereby, authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or

collected, all penalties collected without authority, and all taxes that shall appear to be unjustly assessed, or excessive in amount or in any manner, wrongfully collected; *and also repay* to collectors or deputy collectors the full amount of such sums of money as shall or may be recovered against them or any of them, *in any court,* for any internal taxes or licenses collected by them, with the costs and expenses of suit," &c.

Mr. Hubbard's object, in this action, is to recover back certain money paid by him to collector Kelley as income tax upon his salary as clerk of the House of Delegates.

Since the decision of the Supreme Court of the United States in the case of *The Collector v. Hubbard,* 12 Wall., (Sup. Ct. U. S.,) 1, and the cases therein cited, it is not an open question that such action will lie against the Collector, to recover back the amount of an illegal tax paid into the public treasury.

And I am of opinion that such an action will be maintained although the tax was not paid under protest, provided the tax-payer had taken an appeal to the commissioner of internal revenue, as required by the act of 13th July, 1866.

Justice Clifford in delivering the opinion of the court in the case of *The Collector v. Hubbard,* 12 Wall. (Sup. Ct. U. S.) 13; said, "prior to the passage of the act of the 13th of July, 1866, it is quite clear that the tax-payer, if he was illegally assessed, might maintain an action of assumpsit, against a collector to recover back the amount, if he paid it under protest, although he had not taken any appeal to the commissioner of internal revnue. Such were the views of this court in the case of *Philadelphia v. The Collector,* 5 Wall. (Sup. Ct. U. S.) 731, and no doubt is entertained that the decision was entirely correct; but it is a great mistake to suppose that the right to maintain the action, as there conceded, was founded in the theory that the collector held money in his hands belonging to the plaintiff, which he was bound

to refund, as the decision was placed expressly upon the ground that the several provisions in the internal revenue acts, before referred to, warranted the conclusion as a necessary implication that Congress intended to give the tax-payer such remedy."

"Remedies of the kind, given by Congress, may be changed or modified, or they may be withdrawn altogether, at the pleasure of the law-maker as the tax-payer cannot have any vested right in the remedy granted by Congress, for the correction of an error in taxation."

"Suits for such causes of action are absolutely prohibited, until the tax-payer shall appeal to the commissioner of internal revenue, and until the appeal has been decided, unless the decision is postponed longer than six months, in which case he is at liberty to sue within one year from the time when his appeal was taken."

In the case of *Nichols v. United States*, 7 Wall. (Sup. Ct. U. S.,) 122, (cited in *The Collector v. Hubbard*,) Mr. Justice Davis, delivering the opinion of the Court, (*Id.* 126,) said :

"The immunity of the United States from suit is one of the main elements to be considered in determining the merits of this controversy. Every government has an inherent right to protect itself against suits, and if, in the liberality of legislation, they are permitted, it is only on such terms and conditions as are prescribed by statute."

Again, at page 130, he said : "The party aggrieved can test the question of the illegality of an assessment, or collection of taxes, by suit; but he cannot do this until he has taken an appeal to the commissioner of internal revenue. If the commissioner delays his decision beyond the period of six months from the time the appeal is taken, then suit may be brought at any time within twelve months from the date of the appeal. Thus, it will be seen, that the person who believes he has

7

suffered wrong at the hands of the assessor, or collector, can appeal to the courts; but he cannot do this until he has taken an intermediate appeal to the commissioner, and, at all events, he is barred from bringing a suit, unless he does it within a year from the time the commissioner is notified of his appeal. The object of these different provisions is apparent. While the government is desirous to secure the citizen a mode of redress against erroneous assessments or collections, it says to him, we want all controverted questions concerning the revenue settled speedily, and if you have complaint to make, you must let the commissioner of internal revenue know the grounds of it; but if he decides against you, or fails to decide at all, you can test the question in the courts, if you bring your suit within a limited period of time."

Such being the adjudications, we may consider it settled, that:

*First.* Suits against collectors for taxes illegally collected, under the internal revenue laws, and paid into the Treasury of the United States, are, absolutely prohibited, until the tax-payer shall have duly made an appeal to the commissioner of internal revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury, established in pursuance thereof, and until the appeal has been decided, unless the decision is postponed longer than six months, in which case he is at liberty to sue within one year from the time when his appeal was taken.

*Second.* The right to sue, in such cases, springs from the liberality of legislation, as every government has the inherent right to protect itself against suits; and the suit can be maintained only on such terms and conditions as are prescribed by statute.

*Third.* The tax-payer, to succeed in such a suit, must show that he has complied with the terms and conditions prescribed by statute.

Has the plaintiff in this case shown himself entitled to recover back the tax illegally collected?

To the declaration of the plaintiff, which is composed of the common counts in assumpsit, the defendant pleaded the general issue, and also filed a special plea, in writing, that the action was not brought within six months from the time of the adverse decision of the commissioner of internal revenue; to both of which pleas the plaintiff replied generally.

To maintain the issues, on his part, it was necessary for the plaintiff to show.

*First.* That he had been illegally assessed.

*Second.* That the defendant, as collector, had collected from him the illegal tax.

*Third.* That an appeal had been duly made by him to the commissioner of internal revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury, established in pursuance thereof.

*Fourth.* That a decision of the commissioner had been had thereon, if there had in fact been such a decision.

*Fifth.* That the suit had been brought within six months from the time of said decision; or, if the decision had been delayed more than six months from the date of such appeal, then he must show that the decision had been so delayed, and that he had brought the suit within twelve months from the date of such appeal.

It appears from the *first* bill of exceptions, that, the moneys mentioned in the bill of particulars annexed to the declaration were paid as therein stated to the defendant as collector of United States Revenue, First District, West Virginia, as income tax assessed under United States Internal Revenue law on plaintiff's salary, as clerk of the House of Delegates of the West Virginia Legislature, paid out of the State Treasury, and that the defendant had paid the same into the Treasury of the

United States, as required by law, before the commence-- ment of this action.

It appears from the *second* bill of exceptions, that,, the plaintiff, having been sworn as a witness on his own behalf, to maintain the issues on his part,'' stated that he had appealed to the commissioner of internal revenue, to refund him the taxes mentioned in the bill of particulars, annexed to the declaration herein, and stated, at the same time, that the said appeal was in writing.'' The defendant objected to, and moved the court to reject and exclude the parol testimony of the plaintiff that he had appealed, as improper,, under objection, to be considered in evidence, unless the original written appeal, or a duly certified official copy, was produced and put in evidence by the plaintiff, or sufficient cause be shown why such copy or original is not so produced and put in evidence. But the court overruled the motion and admitted the parol evidence, and the defendant excepted to the ruling of the court.

It is not enough for the plaintiff to show merely that he had taken an appeal, but he must show that the appeal had been *duly* made to the commissioner "according to the provision of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof."

In order to enable the court to determine whether the appeal had been duly made according to the provisions of the law, &c., it was incumbent upon the plaintiff to produce the best evidence. That being so, it is obvious that, as the appeal was made in writing, as testified to by himself, the written appeal was the best evidence of which the case was susceptible, and if it was not in his power to have produced the original, it was nevertheless his duty to have produced an authentic copy thereof, or accounted for its absence. I am, therefore, of opinion that the court erred in admitting the parol evidence in that respect, without good cause having been shown for the absence of the written appeal or an authentic copy thereof.

As there is nothing in the record that shows the grounds or character of the appeal or when it was taken, or made to the commissioner, I am unable to discover how the court could determine that the action was brought within the time prescribed by law, and yet that was a special issue, and clearly the duty of the plaintiff to have shown it, as it was a prerequisite, or condition, to his right of action.

As to the *third* bill of exception : It appears that the plaintiff offered in evidence a letter from the commissioner of internal revenue stating that the plaintiff's claim for refunding of $211.67 has been rejected. The letter was dated July 22, 1871. The defendant objected to its introduction as inadmissible until the original appeal was produced, or its absence accounted for. The court overruled the objection and admitted the letter in evidence.

The letter has not been connected by any evidence with the subject matter of this action. It may possibly have been intended as a notice to the plaintiff that a decision had been made by the commissioner on the appeal, but it does not appear to have been so intended, either from its face or from other evidence. But suppose it was intended as a notice of a decision of the appeal, it does not indicate when the decision was made. For ought the court knows, the decision, if any, may have been made months before the letter was written, and the plaintiff's limit for bringing his action may have expired before action brought. This, in one aspect of the case, is material, because the statute requires the suit to be brought within six months from the time of said decision, &c. There is nothing in the record that shows either the time of making an appeal to the commissioner, or the date of his decision, if he made one, unless the letter is to be taken as the decision of the commissioner upon the appeal and I do not think it can be so taken. In the absence of evidence to the contrary, the presumption is that the commissioner

made an official record in his office, either sustaining or overruling the appeal. If he overruled the appeal an official copy of his official entry entered of record in his office to that effect is the best evidence that he had made such decision and the time it was made; and the letter is not competent evidence, for that purpose until and unless the absence of the best evidence is first sufficiently accounted for, which does not seem to have been done in this case. I can not see from the record for what purpose the letter could have been offered and admitted as evidence except to prove that a decision had been made overruling the appeal and the date thereof, and for this purpose under the circumstances presented by the record it was improper. The court therefore erred in admitting said letter. For these reasons the court erred in its judgment and finding in this cause and the said judgment must be reversed and the finding of the court in the cause be set aside and a new trial awarded in the cause. And the cause must be remanded to the circuit court of Ohio county, for further proceedings to be had therein, according to law.

The other Judges concurred.

JUDGMENT REVERSED, NEW TRIAL AWARDED AND CAUSE REMANDED.