## CHARLESTOWN.

### BOARD OF EDUCATION v. PARSONS.

Submitted June 17, 1884—Decided September 20, 1884.

1. While it is the usual practice in cases, where a jury is waived and the case submitted to the court in lieu of a jury, if the party

against whom the judgment is rendered is dissatisfied therewith, to except to the judgment and have the court certify the facts proved, yet it is not necessary for the record to show, that the judgment was excepted to ; it is sufficient if the facts appear upon the record by a certificate of the court or otherwise. (p. 553.)

2 In a case tried by the court in lieu of a jury the judgment may be reviewed by the the Appellate Court, if the facts appear in the record, though not by bill of exceptions.  (p. 553.)

3. In such case the Appellate Court must regard it as upon a demurrer to evidence, considering the plaintiff in error as demurrant.  (p. 553.)

4. All questions involved in the former writ of error are *res judicata*. (p. 554.)

JOHNSON, PRESIDENT, furnishes the following statement of the case:

This case was formerly before this Court and the judgment of the court below was reversed, and the case was remanded for a new trial.   It was a *notice* against the late sheriff and his sureties, and the circuit court quashed the notice, and we held, reversing the judgment, that the *notice* was good (22 W. Va. 308).   The case was tried by the circuit court of Tucker county on December 22, 1883, being submitted to the court in lieu of a jury, and a judgment was rendered in favor of the plaintiff against the defendants for two hundred and forty-two dollars and seventy-one cents with interest from that day and costs.   There was no exception to the judgment, but the evidence was all certified.   In the bill of exceptions it appears that the defendants objected to the introduction of the bond, which the court admitted against his objection and he excepted.   To the judgment the defendant, Parsons, obtained a writ of error.

*A. B. Parsons* for plaintiff in error.

*W. B. Maxwell* for defendant in error.

JOHNSON, PRESIDENT:

The counsel for defendant in error insists, that, as there was no exception to the judgment, this Court cannot consider whether or not the judgment is sustained by the evidence.

While it is the usual practice in cases where a jury is waived, and the case is submitted to the court in lieu of a jury, if the party, against whom the judgment is rendered, is dissatisfied therewith, to except to the judgment and have the court certify the facts proved, yet it is not necessary for the record to show that the judgment was excepted to; it is sufficient if the facts appear upon the record by a certificate of the court or otherwise. In such case the Court will inspect the record and either affirm or reverse the judgment, as the law requires. It seems to be a useless formality to except to a judgment of a court. An exception might just as well be taken to a decree in chancery. In a law case tried by the court in lieu of a jury the judgment will be reviewed by the appellate court, if the facts appear in the record. (*Mitchell* v. *Baratta*, 17 Gratt. 445; *Dearing* v. *Rucker*, 18 Gratt 426.)

It is claimed that notice to Parsons of the order requiring him to pay the school money in his hands to his successor was not proved. Where a case is tried before a court in lieu of a jury, and the whole evidence is spread upon the record, the appellate court must regard the case as upon a demurrer to evidence, considering the plaintiff in error as the demurrant. (*Claflin* v. *Steenbock*, 18 Gratt. 842.) The evidence is all certified in this case, and applying the rule of a demurrer to evidence, in which the court could draw all the inference from the evidence which a jury could, and excluding all the evidence in conflict with that of the demurrer, the court had the right to infer, that Parsons received the notice of the order made by the board by a copy thereof sent to him by the secretary through the postoffice three or four days after it was made, because it is proved that this copy was mailed to him, and that a short time after the order was passed the president of the board met Parsons, who asked him "what they meant by that order," and the witness told him he supposed they meant for him to pay over the money, and Parsons replied "he would pay it when he pleased."

This is the only objection relied upon as to the failure of proof, except that the bond was improperly admitted. If that was not properly in evidence, then of course the proof failed. The bond was properly admitted. There may have been a good excuse for the omission to offer the bond before

the State rested. It is the bond referred to in the notice; and that notice was held good by this Court on the former writ of error. As to this case that question is *res judicata*. But if we were permitted to look into that question now, it is clear that the bond was properly admitted in evidence. The objection to it is, that the law in force when the bond was executed, required a new bond to be given every year. The bond recites that it is executed pursuant to the requirement of section 46 of chapter 123 of the Acts of 1872–3. This was not technically correct, as it ought further to have recited, "as amended by chapter 77 of the Acts of 1877." This omission was not material and did not affect the validity of the bond. The section as amended in February, 1877, did not require a new school-bond of the sheriff to be executed every year. Again there is not a particle of evidence in the record, that he ever did execute any other school-bond while he was in office.

The other questions raised by the assignment of error were all considered on the former writ of error and cannot again be reviewed. (*Henry* v. *Davis*, 13 W. Va. 230; *Mason* v. *Bridge Co.*, 20 W. Va. 223).

There is no error in the judgment; and it is affirmed with costs and damages.

AFFIRMED.

---

# CHARLESTOWN.

