# CHARLESTON.

## STATE *v.* GILLASPIE.

Submitted September 9,1899—Decided December 9, 1899.

SPIRITUOUS LIQUORS—*Minor—Sale—Evidence.* .

On trial of indictment for selling spirituous liquors to a minor, it is not error to exclude testimony relative to a written order from the parent of the minor to the dealer, for the liquor, in the absence of such order, and its nonproduction not accounted for. *Query,* would such order, if produced and proved, be a defence to such indictment? (p. 337).

Error to Circuit Court, Tucker County.

C. D. Gillaspie was convicted of selling intoxicating liquors to a minor, and brings error.

*Affirmed.*

E. D. TALBOTT and GEORGE P. SHIRLEY,for plaintiff in error.

EDGAR P. RUCKER, ATTY. GEN., and W. T. CONLEY, for the State.

McWHORTER, JUDGE:

C. D. Gillaspie was indicted in the circuit court of Tucker County at the June term, 1898, for violation of the revenue laws of the State, by unlawfully selling and giving to one Pete Currance, a minor, spirituous liquors, wine, porter, ale, beer, and other intoxicating drink. On the 11th of May, 1899, a jury was impaneled to try the plea of not guilty, upon which issue was joined, and, after hearing the evidence, returned a verdict of guilty. The defendant moved the court to set aside the verdict, and award him a new trial, of which motion the court took time to consider, and on the 16th of March the court overruled the motion, and entered up judgment against the defendant for twenty-five dollars fine and the costs. The defendant tendered

two bills of exceptions, numbered, respectively, one and two, which were signed, sealed, and saved to him. The defendant obtained a writ of error, and assigns, first, as error that the court struck out, on motion of the prosecuting attorney, the evidence as set forth in his first bill of exceptions. Pete Currance was the only witness for the State, and on cross-examination he was asked if he did not get the whisky at the saloon with a written order, and for his father. He answered that he did. "Q. Didn't get it for yourself? A. Well, my father sent me for it. Q. Give you a written order to get it? A. Yes, sir." And also the following evidence of A. Currance, witness for the defense: "Q. Do you remember some time about last April—April, 1898, I mean—of having sent your son Pete to Gillaspie's saloon after liquor? A. Yes, sir. Q. State to the jury whether or not you gave a written order. A. I gave the boy a written order for one-half pint of liquor to Gillaspie's saloon some time during the time his saloon was there. I can't state the time. About that time,"—all of which evidence was stricken out. It was not error to exclude this testimony, on motion of the State, because the written order was the best evidence, and its non-production was not accounted for. *McAfee* v. *State*, 85 Ga. 438, (11 S. E. 810); 1 Greenl. Ev. 126. On the matter of the written order, Pete Currance was the witness of the defendant. He had not been examined in chief on that question, and it was not attempted by the defendant to show that he ever gave the order to the barkeeper, or even intimated to him that he had it, nor was it shown that the boy took the whisky to his father or that his father ever saw it. When asked, on cross-examination, "Didn't get it for yourself?" his answer was evasive. He says, "Well, my father sent me for it." The father is put on the stand by the defendant, and he fails to prove that the whisky was taken to him by the boy. It is evidently a mere subterfuge to shield the saloon keeper.

Query, if it had been well proven that the parent had given a written order, which was delivered to the barkeeper when the boy got the whisky, would it be a good defense, in view of the fact that under section 3, chapter

99, Acts 1872-73, it was made unlawful to sell to a minor intoxicating liquors, unless upon the written order of their parents, guardians, or family physicians? By chapter 107 of the Acts of 1877, said section 3 was repealed; yet by section 12 of that chapter it was made unlawful to sell to minors without making the provision that it might be done on the written order of parents, guardians, or family physicians, and the same provision remains in section 16, chapter 32, Code 1891. What was the object of the lawmakers in repealing and leaving out the permission to sell to minors on such written orders?

The point made in the second bill of exceptions is that the court erred in refusing to set aside the verdict, and grant him a new trial, upon the ground that the verdict is contrary to law, and upon the ground that the court improperly excluded the evidence as set out in the first bill of exceptions; and it is argued that the judgment ought to be reversed because, while it is alleged in the indictment that defendant had a state license to sell spirituous liquors, etc., the State had failed to prove the fact. And this is true, so far as shown by the printed record; but, upon notice to counsel for defendant in this Court, the record was corrected and supplied, showing from the official stenographer's notes, verified by him under oath, and certified by the clerk under the seal of the court, that upon the trial of the case the following colloquy occurred: "Mr. Conley, Prosecuting Attorney: Gentlemen, do you admit that the defendant, Mr. Gillaspie, had a State license to sell spirituous liquors during the time covered by the indictment, or shall I introduce record proof of the fact that he had such license? Mr. Maxwell, Counsel for the Defendant, Gillaspie: You need not introduce such proof. We admit that he had such license during the time referred to." This was a distinct and clear waiver of proof on that point. There is no error in the judgment, and it must be affirmed.

*Affirmed.*