# CHARLESTON.

## CHICAGO ART CO. *v.* THACKER.

Submitted September 4, 1908.   Decided February 9, 1909.

1. EVIDENCE—*Best and Secondary.*
    Oral evidence to prove, in an action of debt to recover a bal-
    ance due on an account, the contents of a written admission
    of the plaintiff as to the state of the account between the parties,
    on a certain date, is not admissible, unless it be first shown
    that the paper is not in the possession of the party, relying up-
    on it, and cannot be produced. (p. 145.)

2. SAME—*Immaterial Evidence.*
    Irrelevant and immaterial evidence should be excluded from
    the jury. (p. 146.)

Error to Circuit Court, Barbour County.

Action by the Chicago Art Company against E. W. Thacker
and others. Judgment for defendants, and plaintiff brings error.

*Reversed and Remanded.*

WARE & VIQESNEY, for plaintiff in error.

W. T. GEORGE, for defendants in error.

POFFENBARGER, JUDGE:

In an action of debt on a bond with collateral condition, brought by the Chicago Art Company, in the circuit court of Barbour county, against E. W. Thacker, J. D. Thacker, William J. Sipe and J. O. Thacker, there was a verdict for the defendants, on which a judgment conforming thereto was rendered, and the plaintiff complains thereof on its writ of error.

The recital in the condition of the bond adopted, by reference, a written contract under seal between the plaintiff and E. W. Thacker by which he bound himself to deliver for it portraits, frames and other merchandise and collect the purchase money thereof, and remit a certain portion thereof, retain the balance for his compensation, and pay all of his expenses and the freight on the merchandise in excess of twenty-five cents per frame. He was also required to remit all collections and send all reports only to the main office of the company at Chicago. The condition of the bond was that the principal therein should remit and pay over all moneys collected by him on account of such merchandise, and properly account for and surrender all undelivered merchandise received by him, when requested or demanded of him. The account filed with the declaration showed a balance due the plaintiff of $576.33. Thacker filed an account of payments and sets off, showing a balance of $79.05 due him. The plaintiff read two depositions, taken in Chicago, in support of its contentions, and the defendants relied upon the testimony of E. W. Thacker.

The evidence disclosed that, after acting for some time as "deliveryman or collector," Thacker had accepted the position of state manager for the plaintiff, under a new contract, imposing new and different duties, and gave a new bond on which the American Surety Company became the surety. Over the objection of the plaintiff, he was permitted to testify that said surety company, before executing the bond, required a certificate from his employer to the effect that his accounts were then "square," and that such a certificate had been endorsed on the bond and was, at the time of the trial, in the possession of the witness.

Waiver of the objection to this testimony is insisted upon in the brief of the attorney for the defendant in error, it being argued that no objection to it was made until after it had been admitted. This view is precluded by the terms of bill of exceptions No. 2, which formally and specifically shows that the questions propounded for elicitation thereof were objected to and the objections overruled. This prevails over evidence to the contrary found in the stenographer's transcript of the evidence in bill of exceptions No. 3.

The evidence should not have been admitted. It is secondary evidence, given by a witness who avowed, at the time, his possession of the primary or best evidence. The authorities are uniform to the effect that the best evidence of which the nature of the case admits must be produced. *State* v. *Gillaspie,* 47 W. Va. 336; *Fox* v. *B. & O. R. R. Co.,* 34 W. Va. 466; *State* v. *Cain,* 9 W. Va. 559; *Hubbard* v. *Kelly,* 8 W. Va. 46; *Dickenson* v. *Clark,* 5 W. Va. 280; *Taylor* v. *Peck,* 21 Grat. 11; *Pendleton* v. *Commonwealth,* 4 Leigh 894; *Dawson* v. *Graves,* 4 Call 127; *Rucker* v. *Lowther,* 6 Leigh 259; *Sloan* v. *Ault,* 8 Ia. 229. While this paper is not a contract between the plaintiff and the defendant, nor a representation made to the latter, it having been directed to the American Surety Company and not to him, it is nevertheless an admission, of which he can avail himself as evidence bearing on the state of his account with the plaintiff at the date thereof; but it is also a written admission, the best evidence of which is the paper itself. The oral testimony as to its effect may be a mere conclusion, not at all supported or verified by the terms of the instrument itself. Though not a receipt, it is, in some respects, similar to one. A receipt is a written admission of payment. This is a written admission, not of payment, but as to the state of the account. A receipt is a paper given by the creditor to the debtor. This paper is a statement given by the creditor to a third party. The reason for inhibiting secondary evidence of the contents of a receipt clearly applies to a written statement of this kind. Whatever danger or uncertainty might result from the admission of such evidence concerning a receipt would occur, if it were admitted in respect to a written admission of any other kind. The contents of a receipt cannot be proved by oral evidence if the party desiring to adduce evidence thereof has the receipt in his pos-

session or can produce it. *Hamlin's Admr.* v. *Atkinson,* 6 Rand. 574; *Steed* v. *Knowles,* 97 Ala. 573; *Humphries* v. *McGraw,* 5 Ark. 61; *Cotton* v. *Campbell,* 3 Tex. 493. The question with which we are dealing is not one of payment. Payment may be proven by parol evidence, although a receipt was taken and is not produced. *Bowles* v. *Elmore,* 7 Grat. 393; *McAlpin* v. *Ziller,* 17 Tex. 508; *Southwick* v. *Hayden,* 7 Cow (N. Y.) 334; *Willimantic &c. Society* v. *Society of Windham,* 14 Conn. 457; *Donely* v. *McGrann,* 1 Harr. (Del.) 453; *Loughry* v. *Mail,* 34 Ill. App. 523; *Wolf* v. *Foster,* 13 Kan. 116; *Sibley* v. *Lumbert,* 30 Me. 253; *Williams* v. *Gridley,* 9 Metc. (Mass.) 482; *Heckert* v. *Haine,* 6 Binn. (Pa.) 16; *Hawes* v. *Woolcock,* 30 Wis. 213; *Davis* v. *State,* 92 Tenn. 634; *Stafford* v. *Williams,* 12 Barb. (N. Y.) 240; *Berry* v. *Berry,* 17 N. J. L. 440; *Greenfield* v. *Wright &c. Co.,* 16 Ark. 186. Payment is a fact independent of the receipt. The receipt itself is an entity, a thing, susceptible of proof, in a judicial proceeding, by the production thereof for the inspection of the court or jury. Payment is an intangible thing which cannot be so produced to prove itself. Nor are we considering the probative effect of such a paper. As a receipt is only *prima facie* evidence of the fact stated, oral testimony is admissible to explain, and, no doubt, to overthrow it. *Anderson* v. *Davis and Ould,* 55 W. Va. 429; *Ruby, Admr.,* v. *Railroad Co.,* 8 W. Va. 269; 23 Am. & Eng. Ency. Law 988.

An exception was taken to the action of the court in overruling an objection by the plaintiff to certain testimony of the defendant, showing, by way of explanation of a written statement of indebtedness to the plaintiff, that part of it consisted of an unauthorized appropriation of $195.00 of the plaintiff's money for the purchase of two horses, harness and a wagon, on the advice of C. A. Bryan, the state agent of the plaintiff. In this connection, the indebtedness was admitted, and the witness testified that he had paid it. The advice on which it was incurred and the reason for the incurrence of the same were, therefore wholly immaterial and, for that reason the testimony should have been excluded.

J. D. Thacker, one of the sureties in the bond, was permitted to testify over the objection of the plaintiff, that he had never agreed or consented to the employment of his principal in any other capacity than that specified in the bond. The defense, as

to some of the items, was that they were for goods sent to Thacker after he had ceased to be deliveryman and commenced his service as state agent. There was nothing in the testimony adduced for the plaintiff tending in any way to prove any agreement between the plaintiff and the defendants as to the extent of the liability, except the written contract incorporated in the bond. Therefore, nothing in the case made for the plaintiff called for, or justified, the admission of evidence to disprove an agreement to be liable beyond the terms of said contract. The testimony of E. W. Thacker was to the effect that he was not liable as deliveryman for certain consignments because they had been made after he ceased to be deliveryman. The issue to which this testimony was applicable related to the date on which the principal in the bond ceased to be a deliveryman and became a state agent. The testimony of J. D. Thacker bore no relation whatever to that matter, and it is impossible to perceive any ground upon which it was admissible. We think the court should have excluded it as being irrelevant and immaterial.

For the error committed by the court in admitting the testimony relating to the certificate, endorsed on the bond on which the American Surety Company was surety, the judgment must be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed and Remanded.*