# CHARLESTON.

## A. H. LEGG v. JUNIOR MERCANTILE COMPANY

### (No. 6036)

Submitted February 28, 1928.    Decided March 6, 1928.

EVIDENCE—*Plaintiff, Suing for Debt, Has Burden to Prove, or Show by Stipulation, Reasonable and Substantial Basis for Judgment; if Alleged Debt Sued for, or Amount Thereof, is Left to Conjecture or Uncertainty, Judgment Should be for Defendant.*

In an action for recovery of an alleged debt the burden rests upon plaintiff to prove by evidence or show by stipulation of fact some reasonable and substantial basis on which a judgment can be founded. If the alleged debt or the amount thereof is left to conjecture or uncertainty, the burden has not been carried, and judgment should be for defendant.

(Evidence, 22 C. J. § 16; 23 C. J. § 1795.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Fayette County.

Action by A. H. Legg against the Junior Mercantile Company. Judgment for plaintiff, and defendant brings error.

*Judgment reversed; entered for defendant.*

*Blue, Dayton & Campbell, Arthur S. Dayton* and *William F. Blue,* for plaintiff in error.

*Dillon, Mahan & Holt* and *Wm. S. Thompson,* for defendant in error.

LIVELY, JUDGE:

Plaintiff below, A. H. Legg, obtained judgment for $300.00 against the Junior Mercantile Company on agreed facts submitted to the court in lieu of a jury; and the mercantile company prosecutes this writ of error.

Plaintiff's claim is based upon metal discs or "scrip" which he purchased for value from unknown persons and which discs

or scrip had been issued by the mercantile company in various denominational amounts aggregating a total of $300.00. On one side is the following:

"Master Metal Scrip
100
Ingle-Schierloh Co.
Dayton, O.
Pat Pend
In Mdse Only."

and on the other side is the following:

"Junior Mercantile Company
JMCo
Redeemable in Mdse only
1.00"

Having purchased from persons who were unknown for value this scrip, plaintiff demanded payment from the mercantile company in cash and was refused. Suit was instituted before a justice of the peace where judgment was rendered for the plaintiff, and on appeal to the circuit court judgment again was rendered for plaintiff by the court sitting in lieu of a jury on agreed facts. It is claimed by plaintiff that this scrip is payable in cash, notwithstanding the words thereon "Redeemable in Mdse Only," and that the issuance and redemption thereof is controlled by section 80, chapter 15-H, of the Code, as amended by chap. 87, Acts 1925, which makes it unlawful for any corporation, company, firm or person engaged in any trade or business either directly or indirectly to issue to any person employed by such corporation, company, firm or person in payment of wages due such laborer, or as advances for labor not due, any scrip, token, draft, check or other evidence of indebtedness, payable or redeemable otherwise than in lawful money; and if any such scrip be issued it shall be a promise to pay a sum specified therein in lawful money to the person named therein or to the holder thereof. The amendment to this statute in 1925 is not of importance in this case. It is agreed that the mercantile company did not issue the scrip involved in this controversy, or any other scrip, to any of its employees. But in

order to bring this scrip within the purview and control of the statute, the substance of which is above set out, plaintiff claims that the mercantile company was in fact acting for and on behalf of the West Virginia Coal & Coke Company, a corporation organized for the purpose of mining coal, and that the scrip involved in the controversy was issued to the employees of the coal company and by them sold to plaintiff. The trial court evidently took that view, for in order to sustain the judgment it is necessary to hold that the mercantile company was in reality the coal company, and that the scrip was issued to the *employees* of that company and was transferred *by them* to plaintiff, the holder. It appears from the stipulation that the mercantile company was incorporated under the laws of this state in 1905 to conduct a mercantile business; that the coal company was incorporated under the laws of this state in 1917 for the purpose of mining coal. The coal company operates a coal mine near Glen Ferris in Fayette county, and the mercantile company conducted its mercantile business in the same town in the year 1926 when the scrip was issued. When the coal company was incorporated it acquired all of the stock of the mercantile company and has at all times since owned that stock except shares sufficient to qualify the directors. It appears that the mercantile company in the conduct of its business issued these metal discs to its customers indiscriminately, for instance, as change for cash, and the like. It was also a practice for it to issue scrip to those employees of the coal company who had assigned to it by written assignment wages then due or to become due from the coal company and which assignment had been accepted by the coal company. When the assignment of wages had been made and accepted the employees of the coal company would make purchases on the strength thereof and for the balance these metal discs were delivered to the employees; and at the next pay-day of the coal company the mercantile company would collect the amount so assigned in cash. Plaintiff Legg was never an employee of either company. It is stipulated that "the metal coin held by him (plaintiff), was issued by the Junior Mercantile Company either for change as to cash purchases, or upon assignment of wages as aforesaid to persons other than

the plaintiff, and the plaintiff obtained such metal coin directly or indirectly from such persons by purchase or assignment thereof for valuable consideration as aforesaid. The persons to whom the coin, now owned and held by plaintiff, was originally issued are now unknown and *may, or may not have been employees* of the West Virginia Coal & Coke Company.'' These are the material stipulated facts on which the judgment is based.

The mercantile company argues that these facts do not bring the transaction within the scope of sec. 80, chap. 15-H, commonly known as the ''Scrip Law'', and therefore that statute has no application; whereas the plaintiff says that by purchasing the entire stock of the mercantile company, the coal company was attempting to indirectly do that which it could not do under the statute, and falls within its purview. Plaintiff contends that although the two corporations were distinct and organized for different purposes, yet the legal fiction of distinct corporate existence should be disregarded under the stipulation of facts, and that the mercantile company should be considered merely an instrumentality or agent of the coal corporation for the purpose of conducting and facilitating its business; and cites therefor 14 C. J. p. 62, sec. 25, and authorities cited there, and numerous other cases; and Fletcher on Corporations, Vol. 1, p. 64, which says that: ''Where the corporate form of organization is adopted in an effort to evade the statute or modify its intent, courts will disregard the corporate concept, and look at the substance and reality of the matter.'' It is tacitly admitted by plaintiff that unless he can bring the scrip transaction within the purview of the statute, it is lawful for the mercantile company to issue scrip redeemable in merchandise only to persons other than its employees. Unless prohibited by statute, the issuance of tokens payable and redeemable in other than money, the common law and the courts will deny money recovery. *Very* v. *Levy,* 13 Howard 345, 14 L. ed. 173; 21 R. C. L. 53, 30 Cyc. 1187. On the other hand, the mercantile company argues that the fact that all of the stock of the mercantile company is owned by the coal company is not sufficient to permit the court to disregard their separate corporate en-

tities, there being a complete absence of any element of fraud or oppression, and this case being cognizable in the legal forum. *Peterson* v. *Chicago etc. Ry. Co.*, 205 U. S. 364; Commodities Cases, 213 U. S. 366, 53 L. Ed. 836; *P. & B. Co.* v. *Duncan*, 232 Fed. 587. Cook on Corporations, Vol. 2, 8th ed., sec. 317, p. 1084, and numerous other cases to the effect that it requires a strong case to induce a court of equity to consider two corporations as one, on account of one owning all of the stock of the other. An inspection of the facts stipulated reveals that the closeness or intermingling of the affairs of the two corporations are very meager. The only facts by which we could determine that the two corporations are the same, and one is a mere subsidiary or instrumentality of the other organized and incorporated for the purpose of facilitating the business of the latter, is that the coal company owns all of the stock except the qualifying directors' shares; that they operate in the same neighborhood; and that the mercantile company accepted assignments of money for wages from the employees of the coal company and collected the money so assigned from the coal company at its next pay-day. It does not appear whether the officers of the two companies are the same or what dictation or control the coal company exercises over the mercantile company. It is not shown that the mercantile company was formed for the purpose of facilitating the mining and sale of coal, or furnishing sustenance or supplies to the employees of the coal company, nor is it shown that the employees of the coal company were required to deal with the mercantile company in purchasing their necessities. The inference is otherwise, because the mercantile company was located in a thriving town where other stores would likely be operated. Whether the mercantile company sold mainly to the coal company's employees or to the general public does not appear. But we do not deem it necessary for the purpose of this case to decide whether the two companies are one and the same. The briefs on that question are exhaustive and illuminative and counsel on both sides can be commended for their efforts to aid the court in a determination of that question. But, take it for granted for the purpose of this case that the two corporations are virtually the

same, (a proposition not decided), and therefore that the transaction falls within the influence of the "scrip statute" referred to, we are met by the stipulation of fact which says that plaintiff was at no time employed by either the coal company or mercantile company, and that the metal discs or scrip was originally issued to parties unknown and *may,* or *may not have been employees of the coal company.* If any of this scrip was issued to persons other than employees of the coal company or mercantile company and passed into the hands of plaintiff he could not recover a money judgment therefor. We are left to guess the proportion, if any, purchased by plaintiff from employees or non-employees. It is a matter of conjecture whether all of the scrip sued on was issued to the employees of the coal company or whether all was originally issued to persons other than employees. The two deductions which may be made are inconsistent for the purposes of recovery; for if persons other than employees transferred to plaintiff the scrip he cannot have money judgment; if on the other hand the employees of the coal company sold them to him he can have money judgment, assuming that the two companies are one and the same. "When the evidence tends equally to sustain either of two inconsistent propositions, neither of them can be said to have been established by legitimate proof. A verdict in favor of the party bound to maintain one of these propositions against the other is necessarily wrong." 10 R. C. L. p. 896, sec. 44. Nor does it appear from the stipulation of facts the proportion of scrip issued in the conduct of the business which went to employees of the coal company, or to strangers. It is simply stated that it was the practice of the mercantile company to issue scrip to persons who might be called strangers, and also to employees upon assignment of their wages accepted by the coal company. Which was the greater volume of business? We are left to conjecture. If it be taken for granted that some of each went into the hands of plaintiff, there is no basis on which a recovery can be had because we cannot even approximate it. Plaintiff has stipulated that the persons from whom he purchased the scrip are unknown. He does not attempt to say that any of them were employees of the coal company. It

is basic law that a plaintiff must show by his evidence or by stipulation of fact in lieu of evidence some reasonable basis on which to predicate a judgment, and not leave it to conjecture. Plaintiff relies upon the proposition established, that in reviewing a case tried by the lower court on agreed facts in lieu of a jury, this Court should treat it as a case standing on a demurrer to the evidence. *State* v. *Miller*, 26 W. Va. 106; *Board* v. *Parsons*, 24 W. Va. 551; *Rohrbough* v. *Express Company*, 50 W. Va. 148. But in viewing the agreed facts as upon demurrer thereto and giving to the plaintiff all reasonable inferences which may be drawn therefrom, it is impossible to find any specific amount on which plaintiff is entitled to base his judgment. Surely it cannot be for all, for there is no reasonable ground on which to base the assumption that all of the scrip held by him was purchased from employees of the coal company; and as above stated it would be a wide conjecture to ascertain what portion was so purchased. Possibly some of it was; and there is like possibility that none was. There is no reasonable evidence on which to base a judgment at all. Evidence to establish a debt should do more than produce a suspicion of the fact, it should be sufficiently clear and definite in its character to satisfy the mind of the court of the fact to a reasonable certainty. *Simms* v. *Bank*, 8 W. Va. 274. "A verdict based alone on mere conjecture, without evidence to support it, where the rule as to burden of proof requires some reliable affirmative evidence, should not be permitted to stand." *Robinson* v. *Ry. Co.*, 40 W. Va. 583; *Moore* v. *Heat & Light Co.*, 65 W. Va. 552. There is no basis for any calculation by which an *approximate* amount can be ascertained on which to base a recovery. The burden is on the plaintiff to produce evidence or facts on which a jury or court can with reasonable certainty base a verdict or judgment. Unfortunately for plaintiff, we do not find such basis in the agreed statement. The judgment should be for defendant; and proceeding to do what the lower court should have done, a judgment of *nil capiat* will be entered here.

*Judgment reversed; entered for defendant.*