JAMES CANN, Judge,

dissenting.

The arbitrary award of $3000.00 made to claimant in this case by a majority of the court, in the light of the evidence introduced, compels me to file this dissent. So many matters were set out in the majority opinion, justifying the instant award which, to my opinion, were not part of the record or part of any one’s testimony. But without going into any of that, I shall confine my dissent to the lack of proof, as required by law, on the part of claimant. Mr. Mullens testified at great length with respect to his employment as night watchman for respondent. He presented a sheet of paper which purported to show the number of hours he had worked each day as night watchman from the tenth day of January, 1946 to the thirty-first day of December, 1948; this sheet of paper attempted to indicate that he had worked sixteen hours each day, during the above period, and as he stated, was paid for only eight hours at the prevailing hourly rate. He was asked from where he had obtained the information shown on the above mentioned sheet of paper, and his reply was “From three calendars” on which he had marked the hours he had worked as a night watchman; he was further asked about the whereabouts of such calendars and was unable to explain their absence from this hearing; he was also further asked as to who had made up the purported record of his time and he stated that an auditor, one James A. Hogg, had made up such record. The auditor was not presented as a witness. He admitted that the sheet of paper introduced in evidence, which set out the hours worked, was only a copy of the original record. (R. pps. 29-30-42-43-44-45-46). No explanation was ever made or attempted to be made, of the whereabouts of the purported calendars or original record. The majority opinion states that the above proof was unsatisfactory; that his itemized statement attempting to show that he had worked sixteen hours each day during the disputed period, when he testified that during such period he was off a number of days, made it manifest that the testimony and proof were inconsistent with the allegations of his *33 petition. I was particularly impressed with, claimant’s testimony with respect to his complaint made to Charles Sattler, commissioner of labor of the state of West Virginia. When claimant complained to Mr. Sattler about the hours he had worked for respondent, for which he had not been paid, Mr. Sattler advised claimant to prepare and furnish him with a statement, setting forth the days he had worked for respondent and the number of hours worked over eight hours (the legal limit provided by statute). This, claimant failed or refused to do and Mr. Sattler gave the matter no further attention. Why was not the same information requested or required of the claimant at the hearing of this case? It is true that from the evidence one can conclude that claimant had at sometime worked sixteen hours during his employment as a night watchman, but on what, and for how many, days did he work that number of hours?
It is elementary law that the burden of proof rests upon the party asserting the affirmative of an issue.
“In an action for tort, the plaintiff bearing the burden of proof, a verdict for him cannot be found on evidence which affords mere conjecture that the liability exists, and leaves the minds of jurors in equipoise and reasonable doubt. The evidence must generate an actual rational belief in the existence of the disputed fact.” Moore v. West Va. Heat & Light Co., 65 W. Va. 552; 64 S. E. 721. Antonovich v. Home Life Ins. Co., 116 W. Va. 159. Wiles v. Walker, 88 W. Va. 147; 106 S. E. 423. Legg v. Junior Mercantile Co., 105 W. Va. 287; 142 S. E. 259.
Our own court has held on numerous occasions that when a claimant fails to establish liability on the part of a respondent by the production of proper evidence as proof in support of his claim an award will be denied.
“All claims asserted against the state or any of its agencies must be established by satisfactory proof before awards may be made for the payment of them. A claim asserted but not proved can have no meritorious status in the court of claims.” Clark v. State Road Commission, 1 Ct. Claims (W. Va.) 232.
*34 “Claimant must prove his claim by a preponderance or greater weight of the evidence, and no award can be made in the absence of such proof.” Hartigan v. Board of Control, 2 Ct. Claims (W. Va.) 275.
“A claim is denied when claimant fails to establish liability on the part of the department concerned by the production of proper evidence as proof in support of his claim.” Swartzwelder v. State Road Commission, 2 Ct. Claims (W. Va.) 96.
“Where the evidence offered in support of a claim against the State fails to establish by a preponderance of proof its merit as a claim for which an appropriation should be made by the Legislature, an award will be denied.” Smith v. State Road Commission, 3 Ct. Claims (W. Va.) 1.
“An award will be denied upon failure to prove by a preponderance of the evidence the justness and merit of a claim against the state or any of its governmental agencies.” Loveless v. State Road Commission, 4 Ct. Claims (W. Va.) 19.
“A claim for damages not sustained by the evidence and an award refused.” Thompson v. State Road Commission, 4 Ct. Claims (W. Va.) 74.
As another ground for dissenting, it is my firm belief that the purported itemized statement, filed in this case, attempting to show the hours worked as a night watchman, should have been rejected for two reasons: (1) It was not the original record and (2) it did not correctly state on what actual days sixteen hours were worked by claimant.
Our Supreme Court has held:
“The record offered is secondary evidence; the book in which the original entries were recorded, so far as a record is concerned, being the best evidence. The authorities are uniform to the effect that the best evidence must be produced.” Thompson v. Turkey Gap Coal Co., 139 S. E. 642; 104 W. Va. 134. Also Art Co. v. Thacker, 65 W. Va. 143. State v. Gillaspie, 47 W. Va. 336. Fox v. Railroad Co., 34 W. Va. 466.
*35 “Courts should be cautious in admitting the introduction of secondary evidence. Without an effort to procure and offer the original contract or a showing entitling a party to offer secondary evidence, secondary evidence should not be admitted. Sec. 120, Evidence, Michie’s Jurisprudence. Also Cobb v. Dunlevie, 63 W. Va. 398; 60 S. E. 384.
For the reasons set out I respectfully dissent from the majority opinion in this case.