CHARLES J. TREMAIN *vs.* ABEL F. EDWARDS.

The plaintiff in an action of assumpsit on the common counts may recover for the board of the defendant and his servants.

Meals furnished to one and his servants, from day to day, are a proper subject of book charge.

In an action to recover for meals furnished to the defendant and his men, which the plaintiff was admitted to prove by his book account and suppletory oath, the plaintiff, having stated on his cross examination, that it was " only at the first time," that the defendant requested the plaintiff to furnish the meals; and having also stated in answer to a previous interrogatory, " that the defendant at the first requested that the meals should be furnished whenever they were there;" it was held, that the two answers should be taken together, and that they related to the future as well as the present.

THIS was an action of assumpsit on the common counts. At the trial in the court of common pleas, before *Byington,* J., it appeared by the report of an auditor, to whom the case had

been referred, that the action was brought by the plaintiff, formerly the keeper of a hotel in North Adams, against the defendant, an engineer, for the board of himself and men, while surveying a route for a railroad. The plaintiff was allowed by the auditor to prove his demand by his book of account, containing his original entries, on which the meals supplied to the defendant and his men were charged from day to day, as they were furnished; supported by his supple‑ tory oath.

The defendant objected before the auditor, 1st, that the particulars of the plaintiff's claim were of such a nature, that they could not be proved by the evidence of his book and oath; 2d, that the plaintiff having testified, on his cross examination, that the defendant " only at the first time " requested the plaintiff to furnish the meals, his testimony supported the first charge only; and 3d, that the plaintiff could not recover on the common counts. In reference to the second objection, it appeared, that the defendant had previously put an interrogatory to the plaintiff, to which he had answered; " that Edwards, at the first, requested that the meals should be furnished whenever they were there." All the objections were overruled by the auditor. In the court of common pleas, the same objections were taken and overruled; and the jury having returned a verdict for the plaintiff, the defendant ex‑ cepted.

*H. L. Dawes,* for the defendant.

*T. Robinson,* for the plaintiff.

DEWEY, J. 1. The court are of opinion that, under a declaration in *indebitatus assumpsit,* containing the common counts, for goods sold and delivered, labor and services done and performed, and money paid and expended, the plaintiff may recover for board furnished the defendant and his servants. *Witter* v. *Witter,* 10 Mass. 223.

2. It was objected that the account book of the plaintiff was not competent evidence, as, from the very nature of the case, there was better evidence to be derived from the persons whose board was the subject of the account. Generally speaking, the position is a sound one, that a sale of articles

delivered to third persons, cannot be proved by a book charge supported by the oath of the party. It would be so in the case of money paid to a third person, with the exception of small sums. *Faunce* v. *Gray*, 21 Pick. 243, 247. But cases of this kind must be decided upon their own peculiar circumstances, depending very much upon the nature of the charges. It is not in every case, where third persons are present at the delivery of goods, that the books of the party cease to be competent evidence. In the ordinary case of a shopkeeper, there would be clerks present at the delivery; but when the items are small and numerous, it would be impracticable to prove them except by the account book and oath of the party. The present case is peculiarly one where a resort to the book is necessary, the account consisting, as it does, of small items, charges of meals for single days, furnished at different times to a large number of persons in the employ of the defendant. The charges singly are small, and not of a character to be proved by a third person, like the cases of money paid to such third person, or articles of property delivered to a third person, to be carried away and kept for his own use. We are of opinion, that the plaintiff's book was properly admitted to prove the charge in the account, and that it was no valid objection, in a case like the present, that the charges were in part, and to a considerable extent, charges for meals furnished to the servants of the defendant. *Mathes* v. *Robinson*, 8 Met. 269, 271, seems to be in point.

3. As to the further question, arising on the statement in the cross examination, that the defendant " only at the first time requested the plaintiff to furnish the meals," it seems to us, that this answer is to be taken in connection with the previous answer made to another interrogatory put by the defendant, wherein the plaintiff had answered " that Edwards, at the first, requested that the meals should be furnished whenever they were there." The two taken together would embrace future as well as present meals. No objection can be raised to the competency of these answers, as they were in reply to the defendant's interrogatories. *Judgment for the plaintiff.*