# CHARLESTON.

## RUBY, ADMR. *v.* THE RAILROAD COMPANY.

### March 1, 1875.

R., an administrator, signs and delivers to B. a receipt for a certain sum of money, reciting that it is in full payment of all sums due his intestate, as per statement thereto attached; this statement shows the whole amount due the intestate's estate, subject to a credit of $324, paid to intestate's widow by B., after intestate's death; this credit (after deducting a small sum for error) with the amount stated in the body of the receipt, makes up the whole amount due intestate's estate.—HELD:

That this receipt, in connection with the other evidence in the cause, not being impeached for mistake, error or fraud, is evidence of a settlement of accounts between the parties, and is a ratification and acceptance of the payments claimed as credits in said receipt.

Writ of error to a judgment of the circuit court of Kanawha county, rendered on the 1st day of December, 1873, granted on the petition of the Chesapeake and Ohio Railroad Company, the defendant below. The plaintiff below was John C. Ruby, administrator of B. A. Goode, deceased.

The other material facts appear in the opinion of the Court.

The Hon. Joseph Smith, judge of said circuit court, presided at the trial below.

*William H. Hogeman* and *William A. Quarrier*, for the appellant.

*Smith & Knight*, for the appellee.

1875.
January Term.

PAULL, JUDGE :

Ruby, Admr.,
v.
The Railroad
Company.

The plaintiff in this case brings an action of assumpsit against the defendant, the Railroad Company, for a balance due to plaintiff's intestate of $330 as by an account filed with his declaration, which consists of the common counts. The defendant demurred to the declaration, and to each count thereof; there being joinder in the demurrer the court overruled the same. It was maintained that the money count, which simply alleged that the defendant was indebted to the plaintiff's intestate in the sum of $330 for money then and there paid by the plaintiff's intestate, at its request, without further alleging that it was for the plaintiff's use, was fatally defective. As no recovery under the proofs in the cause could be had upon this count, but only upon the one for money had and received, the question is not one now fairly arising here for decision. The defendant filed the pleas of *non-assumpsit* and payment. The court proceeding in lieu of a jury to try the case, upon hearing the evidence and arguments of counsel, found for the plaintiff and assessed his damages at $350.74, and rendered judgment against defendant for this amount, interest and costs. The defendant tendered a bill of exceptions, which is found in the record. Upon looking into the record we find that the whole controversy turns, mainly, under the evidence, upon the sufficiency of the following receipt, to-wit:

" Received, Charleston, August 6, 1872, of Chesapeake and Ohio Railroad Company, through hands of H. T. Douglass, D. E., $604.27, in full payment of all sums due the estate of B. A. Goode on account of moneys collected for board of men as per statement of division engineer hereto attached.

JOHN C. RUBY,
Curator estate of B. A. Goode.".

And that the statements accompanying said receipt,

and delivered to the plaintiff by the said Douglass, engineer as aforesaid, was in the words and figures following, to wit:

" Statement of moneys collected by C. and O. R. R. Co. for estate of B. A. Goode, on account of board of men for the month of June, 1872:

| | | | | | | |
|---|---|---|---|---|---|---|
| Track rolls, | - | - | - | - | - | - $714 99 |
| Kennett's rolls, | - | - | - | - | - | - 215 28 |
| Section 3, | - | - | - | - | - | - 4 00 |

$934 27

Paid to Mary Goode,        -       -       -    $324 00
Erroneously collected from R. S.
    Brown and refunded,    -       -       -      6 00
                                                 ———— 330 00

                                                 $604 27

Correct:                        H. T. Douglass,
                                Division Engineer."

The evidence appearing in the record touching said receipt is to the following effect: That the said sum of $934.27, mentioned in said receipt, was the amount left or retained in the hands of the Company to pay for the boarding of laborers, by whom said amount was directed to be paid to plaintiff's intestate, to whom it was then coming; that the defendant's engineer or agent, having this money in his possession, paid to Mrs. Goode, after the death of her husband, out of said amount, the sum of $324; and subsequently offered to pay to the plaintiff, then administrator of said Goode, the sum of $604.27, left after deducting the $324 paid to Mrs. Goode, provided the plaintiff would execute the foregoing receipt, and declining to pay anything unless he did, and deliver it to him; that the plaintiff refused to execute said receipt, but afterwards, on consultation with his attorney, executed said receipt and delivered it to defendant's engineer, who then paid him the sum of $604.27; this last

1875.
January Term.

Ruby, Admr.,
v.
The Railroad
Company.

amount making up, with the credits which he claimed, the full amount due to the estate of B. A. Goode.

It will be seen from the evidence that there is no design or effort whatever to impeach this receipt for any mistake or error found therein, or to show that it was procured by fraud. While thus open to impeachment, and capable of being set aside, it was not done. It is an acknowledgment on the part of the plaintiff that he has received the whole amount of the $934.27, in the hands of defendant, due to his intestate; and explains particularly how the payments were made, to wit: $604.27 paid directly to himself, and $324 paid to Mary Goode, and $6 error, thus making up the entire amount. This is the import and effect of the paper which he signed, the receipt proper and the statement thereto attached being an entire thing, and which he made his own act by signing the receipt. It cannot be denied that the administrator, in thus settling with the defendant's agent, had the power thus to allow the payment made to Mary Goode, the widow, as a credit in the collection of this money. If it was an improper payment on the part of the Company's agent, it was competent for the plaintiff to have rejected it; but he did not; and by signing and adopting the paper or receipt he must be regarded as fully ratifying and accepting the payments therein claimed as credits on said account. Why he allowed the credit, it is immaterial to inquire; it may have been that his intestate died leaving no children and no debts, in which case the widow would have been entitled to all the money in plaintiff's hands. When he signed the receipt the account between the parties was settled and closed, and the evidence in no way impeaches that settlement.

It has been claimed that this was accepting by the plaintiff of a less sum than the amount due; and, being done without consideration, is not binding. We do not so view it. It is a receipt for the whole amount, simply explaining the mode of payment.

We regard the receipt, then, with the other evidence in the record, as sufficient proof of the payment of plaintiff's demand, and that consequently there was error in the judgment of the court below, rendered in December, 1873, and which judgment is hereby reversed and annulled. And this Court, proceeding to render such judgment upon the evidence in this cause as the circuit court ought to have rendered, doth consider that the plaintiff take nothing by reason of the said claim or demand in his declaration mentioned, or of the account therewith filed; and that the defendant go thereof, without day, and recover from said plaintiff, the appellee, his costs about his defense in this Court expended.

The other Judges concurred.

JUDGMENT REVERSED.