# CHARLESTON.

ANDERSON *v.* DAVIS & OULD.

55    429
f65   146

Submitted March 1, 1904—Decided March 22, 1904.

1. PAYMENT—*Evidence.*
    Casual admissions alone, although in writing, are insufficient to show payment of an acknowledged debt, when payment is denied and the debtor, being called upon to prove it, fails to testify or introduce other evidence. (p. 433).

2. RECEIPT—*Impeachment.*
    A receipt purporting to be in full of rent of real estate to a specified date, or other account, is only *prima facie* proof of settlement and may be overcome by contradictory evidence, and no rule of universal application as to the nature and sufficiency of such evidence can be formulated. (p. 434).

3. MARRIED WOMAN— *Liability—Family Supplies.*
    The husband being the head of the family and under a legal duty to support it, the separate estate of the wife is not liable for an account for family necessaries supplied by a merchant, when it is not shown that she has agreed to pay for them or estopped herself from denying liability thereof. (p. 435).

Appeal from Circuit Court, Mercer County.

Bill by J. M. Anderson, trustee, against Davis and Ould and others. From the decree, plaintiff and defendant Huff., Andrews and Thomas Company appeal.

*Affirmed.*

R. C. & B. McCLAUGHERTY, ANDERSON & EASLEY, and HENSON & MASON, for appellants.

W. WALTER McCLAUGHERTY, for appellees.

POFFENBARGER, PRESIDENT:

Two appeals from the same decree of the circuit court of Mercer County have been taken in the chancery cause of J. M. Anderson, trustee, v. Davis and Ould *et als,* one by the plaintiff, Anderson, trustee, and the other by Huff, Andrews & Thomas Company, both of which present the same question on the merits of the case. On the 7th day of May, 1900, Davis and

Ould, partners, doing a mercantile business, in the city of Blue-field, made a general assignment for the benefit of their credi-tors by conveying all their property to J. M Anderson, trustee. Later, the trustee brought this suit to convene all the creditors and determine the amounts and priorities, if any, of the debts due from the firm, making Mary O. Lusk a defendant along with numerous other creditors. She answered the bill setting up claims for rent of the room in which the firm carried on its business, amounting, in the aggregate, to $768.50. Of this sum, $240.00 was charged as the rent from May 15, 1896, to May 14, 1897, inclusive, and the residue of $528.50 as the rent from May 14, 1897, until May 8, 1900. In addition to this, she claimed $22.50 as rent due from the trustee for the use of the room from May 8, 1900, until June 21, 1900. She aver-red that of the amount so due to her, she had assigned about $80.00 to W. Walter McClaugherty, out of which he was to pay a judgment in favor of E. Levering & Company for $63.40, with interest and cost thereon, a judgment in favor of the American Thread Company for $20.34, with interest and cost, whatever individual amount or claim he might have against her, and the balance, if any, to her or her order. There was a reference to a commissioner who refused to allow Mrs. Lusk anything, but, on exception to his report, the court disapproved his action in respect to said claim, sustained the exception and allowed her the sum of $550.00, and adjudged that, $196.20, part of said sum of $550.00, being one year's rent of said room, was the first lien on the assets of the firm. From so much of the decree as allows this sum to Mrs. Lusk, and gives her the lien aforesaid, the trustee and Huff, Andrews and Thomas Com-pany have appealed. Huff, Andrews & Thomas Company show that their claim was $1,145.56, on which they would have re-ceived a dividend of 50½ per cent, equal to $578.50, but for the allowance aforesaid to Mrs. Lusk, in consequence of which their dividend was reduced to 41 55-100 per cent, yielding them only $476.00. Claiming a loss of $102.50 to them by reason of said allowance, they appeal.

A dismissal of the appeal of Anderson, trustee, is urged upon the ground that he has not sufficient interest in the controversy between the creditors to enable him to sustain an appeal. The suggestion in this connection is that, by resisting the allowance

of a claim of a creditor, under the circumstances of the case, the debtors being insolvent, he intermeddles, without warrant or authority, in the controversy between creditors. This is a misapprehension of the duties and office of a trustee in such case. In the application of the assets conveyed to him, he is not only responsible to the creditors, but also represents the debtor, having full authority to sue for and collect such claims as constitute part of the assets, and to resist the payment of unjust or illegal demands asserted against them. His status is strikingly analogous to that of an administrator or an executor. In respect to such assets, he is the only person who can sue or be sued at law. While the claims of creditors conflict with one another, each prosecutes his action or claim directly against the trustee or the funds and property in his hands, and only incidentally against the demands of other creditors. The creditor unites with the trustee in the defense of the assets against other demands. It is well settled that an executor may prosecute an appeal. *Ward* v. *Brown,* 53 W. Va. 227; *Shirley* v. *Healds,* 34 N. H. 207; *Smith* v. *Sherman,* 4 Cush. (Mass.) 411; *Bellon's Estate,* 63 Vt. 60; *Fairfax* v. *Fairfax,* 7 Grat. 736. Executors, administrators and trustees in deeds of trust executed for the benefit of creditors hold the legal title to the estate in their hands and, at law, are the only persons who can sue and be sued in respect thereto. As the trustee is the only person who can be sued, he is a proper person to defend, and his resort to an appellate court is but a continuation of the defense made in the lower court. Though, in equity, those who hold the beneficial interest must be made parties, the legal title of the fiduciary is nevertheless respected. He therefore clearly has the right to appeal, and in doing so represents the estate for the benefit of all who are interested in it. *Saunders* v. *Waggoner,* 82 Va. 316. It is not intended here to intimate that the trustee represents his assignee personally. A decree or judgment against the trustee only would bind only the fund or property in his hands.

Said sum of $240.00 arose under a written contract of rental for one year as aforesaid. On the first day of June, 1897, another contract in writing was made for one year at $15.00 per month and after the expiration of said year the lessees held over until the date of the assignment. The amount of rent claimed to

have accrued to Mrs. Lusk is not controverted, but it is insisted that, by reason of payments and credits given on a store account, nothing remains due her. In her answer and deposition she fails to state the exact amount due, giving as a reason for her failure her ignorance of the exact state of the account. The management of the business was entrusted to her husband, W. I. Lusk, who insists in his deposition that there is a considerable balance due his wife, but that he does not know the amount. Nor does the trustee prove by his assignors or any witness the amount paid on account of the rent. On that subject, they do not testify. Neither Davis nor Ould testified at all. The contract of June 1, 1897, provided for the payment of part of the rent thereunder upon a note held by the lessees and the balance to W. C. Pollock, local agent of the Holston National Building & Loan Association. Whether anything was paid on the note does not appear. Pollock files a statement showing that he received from Mrs. Lusk for the building association in the years, 1897, 1898, and 1899, $287.72. A receipt for $60.00 is produced and an order payable to a third party for $20.00 is mentioned, but whether it was paid out of the rent is uncertain as W. I. Lusk testifies that he paid something on it, and the balance is not shown to have been paid.

The appellant relies, however, upon certain facts in the nature of admissions, tending to show that there was only about $80.00 due and unpaid on account of the rent at the date of the assignment. One of these is the receipt for $60.00 above mentioned which reads as follows: "Received of Davis & Ould $60.00, sixty dollars, in full for rent to May 1, 1899. Mary O. Lusk, per W. I. Lusk." Said W. I. Lusk says the words, "in full for rent to May 1, '99," were added to the receipt after he signed it as agent for his wife, and later he testified that only the words "in full" were so inserted. He testifies also that he had given several receipts, but does not remember how many and has nothing to show how much was paid to him on account of rent. A circumstance relied upon as tending to prove that Mrs. Lusk only claimed about $80.00 after the assignment is that she sued out a distress warrant for about that amount. Another is that she executed to W. Walter McClaugherty on the 20th day of September, 1900, the assignment for about $80.00 hereinbefore described, purporting to be an assignment of all the

rent due and owing to her by the trustee, including everything up to and including May 7, 1900, the date of the assignment. Another is that on a day which does not seem to be fixed by the evidence, W. I. Lusk made an alleged settlement, as agent of his wife, with Davis and the trustee, in which, among other items credited on the account for merchandise, is the sum of $80.00 as rent up to May 8, 1900, leaving a balance due Davis and Ould on the store account of $236.87. But Lusk says he he has no recollection of having made such statement, or signing the memorandum at the foot of the account. He says Davis, after having taken several drinks with him, took him to the office of the trustee where the credits were made, but he was so much intoxicated that he does not remember what transpired after he went to the office. Anderson, the trustee, testifies that he procured the meeting of Lusk and Davis at his office, and says that if Lusk was drunk, he did not observe it, and that, though he may have been drinking some, he was not so drunk he did not know what he was doing.

Are these circumstances sufficient to bar recovery? The amount of rent which accrued to Mrs. Lusk is undisputed. Davis & Ould owe her the amount she claims if they have not paid it in some way. The burden was upon them to show payment. They were virtually called upon to do so in the account filed by Mrs. Lusk with her disposition April 30, 1902, prior to the making of the final report of the commissioner, in which she said her account was subject to any proper credits for money paid her by Davis & Ould to S. P. Cary, Pollock, and to themselves on a note held by them against her, amounting to about $40.00. In it, she further said the amount was unknown to her but was left open for proof to be furnished by Davis & Ould At most, the facts and circumstances relied upon constitute evidence in the nature of admissions. They do not show payments. They are not conclusive by any means, although written. The assignment is not a written agreement between Mrs. Lusk and Davis & Ould; it is a paper given to a third party, and is in no sense a contract between Mrs. Lusk and Davis & Ould. She may have been laboring under some false impression or defect of recollection at the time she executed it, and, if so, she could overthrow the inference of payment arising from its language. She may have assumed that Davis

& Ould had paid more money to the building association and to other parties for her, on account of the rent, than they had actually paid. She says in her answer that she had endeavored without avail to obtain a settlement with them, and, in her deposition, that she does not know how much has been paid, and, in her account filed before the commissioner, virtually calls upon them to disclose the amount, and they have failed to do so. As to the distress warrant sued out after the assignment, it could only have covered the rent for one year, and the making of the affidavit for it does not necessarily carry upon its face any implication of the payment of the rent for preceding years. The receipt relied upon as showing payment of rent up to May 1, 1899, is not conclusive, although it is evidence. *Ruby, Admr.* v. *Railroad Co.,* 8 W. Va. 269. In the case just cited, the receipt was attached to a statement and imported a settlement and payment of a balance due, but it was nevertheless said to be impeachable. Of a receipt in full, 23 Am. & Eng. Enc. Law, 988, says: "Like other receipts, it is subject to explanation or contradiction by extraneous evidence." The same work says at page 986: "No rule can be laid down as to the kind or quantity of evidence which ought to outweigh the receipt." Nor is the alleged settlement made by W. I. Lusk in which $80.00 was credited on the store account as rent to May, 1900, conclusive. It is mere evidence. Although these admissions, by reason of their being written, are entitled to more weight perhaps than mere verbal admissions, they are still casual in their nature, and may have resulted from inadvertence. If, as is claimed, the rent has all been paid, it is remarkable that no receipts were taken for, nor book entries made of, the payments, and still more remarkable that if receipts were taken they have not been produced. Again, if none were taken, it is strange that the fact is not established, and the testimony of Lusk to the effect that he gave receipts is not denied. Neither Davis nor Ould attempt to testify to the payment of the rent. For some reason, they have seen fit to rely solely upon these admissions. If it were a case otherwise doubtful upon the evidence, these facts would be undoubtedly sufficient to turn the scale against Mrs. Lusk, but, as her debt is undisputed and no effort is made to show payment of a large part of it except by means of these admissions, an

entirely different one is presented, and, under such circumstances they are insufficient to establish the fact sought to be deduced from them  The large discrepancy between the acknowledged amount of the debt and the payments shown or indicated, is a circumstance which, being wholly unexplained or accounted for, clearly over-balances the admissions relied upon. "It is a familiar rule that verbal admissions should be received with caution and subjected to careful scrutiny, as no class of evidence is more subject to error or abuse." 1 Jones Ev. section 297. "It is hardly necessary to add that, unless admissions are contractual or unless they constitute an estoppel within some of the rules already stated, they are *not conclusive,* but are open to rebuttal or explanation, or they may be controlled by higher evidence.  This is true even though they are *made under oath,* although admissions thus solemnly made are evidence of great weight against the declarant, and they throw on him the burden of showing a mistake." *Id.* section 298.

Of the rents which accrued as aforesaid, $175.00, in addition to the $80.00 hereinbefore mentioned as having been credited at the time of the alleged settlemnt, was credited on a store account made with Davis & Ould.  It commences in November, 1898, in the name of W. I. Lusk, and, after running to August 21,1899, in his name, was transferred to a new book and entered up in the name of W. I. Lusk and M. O Lusk.  Nothing in the record shows that Mrs. Lusk ever contracted any part of the account, agreed to pay it, asked credit for it, or knew that it was made in her name.  The rents in question were part of her separate personal estate which she was entitled to hold free from the debts of her husband, and, in the absence of any application of them by the payment of her husband's store account or an extension of credit upon the faith of the same, induced by some act or declaration of hers, they could not be applied in payment of her husband's account.  Schouler's H. & W. 235, 324. The law presumes that the husband supports the family since he is under a legal duty to do so. *Id.* 66, 101, 199; Min. Inst. 310; *Boggess* v. *Richard's Admr.,* 39 W. Va. 567; *Atwood* v. *Dolan,* 34 W. Va. 563.

As the record fails to show in detail the findings and calculations made by the court, it is impossible to determine whether they are strictly accurate, but no more has been allowed than

seems to be justly due so far as can be ascertained from the evidence under the principles above announced. By allowing interest on each item of unpaid rent from the date on which it became due until the date of the decree, there appears to be due Mrs. Lusk at least $550.00.

The court did not err in adjudging a lien in favor of Mrs. Lusk for the rent for the year next preceding the date of the assignment. The statute gives it. Code, chapter 93, section 11. _Anderson_ v. _Henry,_ 45 W. Va. 319.

These conclusions result in an affirmance of the decree as to both appellants.

_Affirmed._