# CHARLESTON.

## WILLIAM FLANNIGAN v. MONONGAHELA TIE & LUMBER COMPANY.

Submitted November 2, 1915.    Decided November 16, 1915.

1. ATTACHMENT—*Affidavit—Sufficiency.*

    The affidavit for the attachment awarded in this case is sufficient to sustain the writ.    (p. 159).

2. SAME—*Bond—Motion for Additional Security.—Affidavits.*

    The motion for additional security on the attachment bond is not sufficiently sustained by affidavits filed for that purpose.    (p. 159).

3. ASSUMPSIT, ACTION OF—*Common Counts.*

    Items of an account, for board and use of teams and vehicles, furnished at the request and for the use and benefit of defendant, are provable under the common counts for goods and chattels furnished and work and services performed by plaintiff at such request.    (p. 160).

4. EVIDENCE—*Parol—Consideration.*

    While the sum stated in an agreement as consideration therefor is presumptive evidence that it is the real consideration, it is not conclusive.    Such presumption may be overcome by parol evidence showing another or greater consideration.    (.p. 160).

5. SAME.

    Nor is such proof violative of the rule against varying the terms and conditions of a written agreement, whether sealed or unsealed.    (p. 161).

6. ESCROWS—*Evidence—Dating of Deed—Condition Precedent.*

    Though importing 'delivery as of its date, a deed may, by consent of the parties, be held in escrow, subject to delivery, upon some condition not therein expressed; and when either of them claims damages due to delayed delivery, defendant may, by parol proof, show the delay resulted from plaintiff's default in the performance of the condition required.    Such proof does not tend to alter or vary the material terms or conditions of the instrument.    (p. 161).

    (MASON, JUDGE, absent.)

Error to Circuit Court, Monongalia County.

Action by William Flannigan against the Monongahela Tie & Lumber Company. Judgment for plaintiff, and defendant brings error.

*Reversed, and new trial awarded.*

*Chas. T. Herd* and *Lazzelle & Stewart,* for plaintiff in error.

*James R. Sheppard* and *Stewart & John,* for defendant in error.

LYNCH, JUDGE:

By assignments on writ of error awarded upon its petition, the Monongahela Tie & Lumber Company, defendant below, seeks reversal of a judgment rendered against it upon the verdict of a jury on a trial had in the circuit court of Monongalia county, in an action brought by William Flannigan on an account for the cutting and haulage of timber under a written contract therefor, and for board and livery service furnished by him at the instance and request of defendant and for its use and benefit. Plaintiff also sued out an attachment, and caused it to be levied on the real estate and personal property of the defendant located in Monongalia and Tucker counties.

Defendant challenges the sufficiency of the affidavit made as the basis for the issuance of the attachment writ. The criticism is directed against the clause stating that the action is "for the recovery of money due upon contract". This clause alone clearly would be an insufficient justification for the award of that process. . It does not state the nature of the claim to be enforced by the action and writ. *Miller* v. *Whittington,* decided November 9, 1915. But the affidavit specifies with necessary particularity the items of the account sued on, and thereby sufficiently shows the nature of such claim.

It is claimed also that a new attachment bond should have been required upon motion of defendant, overruled, and proof by affidavits filed and evidence offered at the bar of the court but not shown in the record, tending to show inadequacy of such bond as security. However, giving to the affidavits the coloring most favorable to the movant, they show only that

the land owned by the surety was encumbered by liens amounting to $1835 and that the assessed valuation of such land and her personal property for taxation was $2300. This proof alone does not show with certainty that the bond was not sufficient security against costs and damages should the attachment be quashed. We can not, in the absence of the evidence offered at the bar of the court, say the ruling on the motion was erroneous or prejudicial.

Another ground assigned for reversal is lack of an averment in the declaration warranting proof of the items in the account for board and the hire of teams and vehicles for the use and benefit of defendant. While not provable under the special count based upon the written agreement between the parties, these items properly were proved under the general or common counts, stating in effect that plaintiff, at the request of defendant, had theretofore sold and delivered to it divers goods and chattels, and performed certain work and services in and about its business and in its behalf, for which defendant promised, when requested, to pay him so much money as he reasonably deserved to have. Under these counts, a recovery may be had for board and teams, if furnished defendant as alleged. Goods sold and delivered, and labor and services performed, include board, lodging and washing. *Witter* v. *Witter*, 10 Mass. 223; *Freeman* v. *Edwards*, 61 Mass. 414; *Davis* v. *Dyer*, 60 N. H. 400.

The vital question raised on this review relates to the admissibility of evidence introduced by defendant, and in the first instance admitted, but later virtually rejected by an instruction to the jury directing them to disregard it. Defendant claimed, and by such evidence sought to prove, that plaintiff, on September 1, 1909, agreed to and did release and discharge defendant from further liability upon the account for recovery of which he brought this action. According to such testimony, on that day he and defendant entered into a contract whereby, in consideration of the release of the account and payment of $1800 as therein specified, defendant agreed to and did sell plaintiff certain timber and timber rights owned by it on lands situated in Monongalia county; and such contract was accordingly prepared for execution by the parties; but, at the request of plaintiff, his wife, Elizabeth

Flannigan, was substituted, in his stead, as vendee, and reference therein to the release of the account eliminated.

The instruction directing the jury to disregard the evidence so introduced apparently was predicated upon the theory that it would tend to modify or alter the terms of the contract between defendant and Mrs. Flannigan. The question for determination, then, is whether such theory was a correct one. The evidence was such that, if believed by them, the jury could find plaintiff did agree to release defendant from further liability on the account sued on in this action, and that, if so, the agreement was an accord and satisfaction of the claim and operated as a bar to a recovery thereon by plaintiff.

This evidence we think properly was admitted, and that the instruction erroneously told the jury not to consider it. The same question arose and was this day decided in the case of *Monongahela Tie & Lumber Co.* v. *Elizabeth Flannigan,* wherein was involved the contract executed in the manner heretofore stated, and plaintiff therein undertook to excuse its delay in the delivery thereof by proof tending to show that the postponement was due to the failure of William Flannigan to execute a formal release of the account. The introduction of such proof was not permitted, on the theory presented by the instruction involved in the case now under consideration, namely, that, if introduced, the testimony would tend to vary the terms of the written agreement, also introduced in evidence in this case, and thereby augment the consideration expressed in the instrument. In the case referred to, we said, what is pertinent here: "Such theory, though earlier rigidly applied and enforced, has been relaxed in modern practice. The rule now almost universally adopted, is, as stated in 3 Jones on Evidences §469: 'The consideration expressed is only presumptive evidence that it is the real consideration. and that presumption may be overcome by parol evidence showing another or greater consideration. The reason for relaxing the general rule in this particular is stated to be that a change in or contradiction of the expressed consideration touches not the covenants of grantor and grantee in the deed, and neither limits nor enlarges the grant.'" For further discussion of the same subject, see *Tie & Lumber Co.*

v. *Elizabeth Flannigan, supra;* 4 Wigmore on Evidence §2433, p. 3432; 1 Elliott on Evidence §582; 10 Enc. Dig. 700.

As from the proof it clearly appears that E. B. Gribble was, during the negotiations out of which arose the cause of action averred in the declaration in this case, the authorized agent of defendant, the objection to the testimony sought to be elicited from him was properly overruled.

For reasons stated, we reverse the judgment and award a new trial.

*Reversed, and new trial awarded.*