# CHARLESTON.

MARTHA BULICK, ADMRX. ETC. *v* P. L. MILKINT *et al.*

Submitted March 7, 1922.    Decided March 14, 1922.

1. EVIDENCE—*Recital That Certain Part of Consideration Has Been paid is Prima Facie Evidence Thereof, But Open to Explanation.*

   While a recital in a deed that a certain sum of money, being a part of the consideration, has been paid, and the receipt thereof acknowledged, is usually open to explanation, and is not conclusive of the facts stated, it is *prima facie* evidence thereof. (p. 511).

2. SAME—*Check Reciting That it is Payment in Full, When Used by Payee, is Admission of Such Statement, But May be Overcome by Contrary Evidence.*

   A check given for a sum of money less than the apparent obligation of the drawer of the check to the payee therein, which recites in its face, however, that it is in full for the balance due on the obligation, describing it, is an admission upon the part of the payee of the check that the amount named therein is all that remains unpaid at that time, if he accepts the check and endorses and uses the same, which admission may be overcome, however, by evidence showing that such amount was not in fact the true balance remaining unpaid (p. 512).

Appeal from Circuit Court, Tucker County.

Suit by Martha Bulick, as administratrix of the estate of Joe Bulick, deceased, against P. L. Milkint and others. Decree for the plaintiff, and defendants appeal.

*W. K. Pritt,* for appellant.
*D. E. Cuppett,* for appellee.

RITZ, JUDGE:

In this suit, brought for the purpose of subjecting to sale certain real estate in satisfaction of a vendor's lien, the plaintiff had a decree adjudging that a certain deferred purchase money note for the sum of $1000.00, with interest, was unpaid, and constituted a lien upon the real estate, and pro-

viding for a sale of the same in satisfaction thereof, to review which decree the defendant prosecutes this appeal.

It appears that plaintiff's decedent, Joe Bulick, sold to the defendant P. L. Milkint lots Nos. 115 and 116 in the town of Thomas for the consideration of $3000.00. This transaction was had on the 1st of March, 1919, but because of the absence of Bulick's attorney the deed was not prepared until the 11th of March, 1919, and acknowledged on the 12th day of that month. This deed recites a consideration of $3000.00, of which $1000.00 was cash in hand paid, the receipt thereof being acknowledged in the deed, and the remainder was evidenced, according to the recitals of the deed, by two notes dated the first of March, 1919, due respectively at six and nine months from that date. It appears that Joe Bulick left his home in Thomas sometime in the fall of that year and went to the city of New York with the purpose and intent of returning to his former home in Austria. He had with him the note due December 1, 1919, and turned it over to a banker in New York by the name of Isador Hirz to be collected, and the proceeds remitted to his wife who was left behind at Thomas. It appears that Bulick did not notify his wife that he was returning to his former home, but his reasons for clandestinely leaving are not apparent. He took a receipt from the New York banker to whom he delivered the note, and on the eve of his expected departure for Europe wrote his wife a letter advising her of his intention, and enclosing the receipt given him for the note, and also informing her that it would be collected by this banker and the proceeds sent to her. Before the time fixed for his departure he died, and the plaintiff here was appointed and duly qualified as administratrix of his estate. This note was presented for payment when it became due, and the defendant Milkint refused payment of the same, contending that he had paid the amount thereof to Joe Bulick long before its due date, to-wit, in the month of August, 1919. The administratrix then brought this suit for the purpose of enforcing the vendor's lien reserved in the deed to secure the deferred payments of purchase money. Milkint answered the bill and asserted that he paid $1000.00 at the time the transaction was closed, as re-

cited in the deed; that in the month of May, 1919, in advance
of the date when it was due, he paid off the first deferred
note, and exhibited a receipt signed by Bulick showing this
fact, as well as the note itself.   He also averred in this ans-
wer that he paid off the second deferred note due December
1st to Bulick long before it was due, and produced a check
for the sum of $350.00 paid in August, 1919, in which was
contained a recital that it was in full of balance on note due
December 1, 1919, and a like check for $28.33 given on the
same date, which recites on its face that it was for interest
on note, and a calculation discloses that it is for the exact
amount of interest which would be due at its date upon the
sum of $1000.00 from March 1, 1919, and by way of affirma-
tive relief he asked that the plaintiff be required to surrender
the note to him, and that the lien upon the lots reserved in the
deed be formally released of record.

Milkint, because of the death of Bulick, could   not,   of
course, testify as to the personal transactions that he had
with him, and the evidence to support his contention of pay-
ment is largely writings admitted to have been executed by
Bulick in his lifetime. After the defendant's answer came in
the plaintiff amended her bill in an endeavor to explain the
payments indicated in Milkint's answer, and to apply them to
the cash payment recited in the deed instead of to the deferred
notes, and it is insisted that because Milkint made no formal
answer to this amendment its allegations are taken as true.
There is nothing in this contention.   The amendment is not
substantial.   It was only an attempt to explain a payment
which it is admitted by all parties was in fact made in some
manner, and Milkint's answer to the original bill setting up
definitely all the facts in regard to the transaction is a com-
plete answer to all of the pleadings filed in the case by the
plaintiff.

The plaintiff contends that the recital in the deed that
$1000.00 of the purchase money was paid in cash, the receipt
whereof was acknowledged, is not conclusive, but is subject to
be rebutted by parol evidence, and the real facts shown.
Just what is the effect of this recital in the deed?   It seems

to be very well established that such a recital is no more than an admission of payment, and that the grantor in the deed, or his personal representative, may show that in fact the payment was not made, or was in a different amount from that expressed in the deed, but that such recital is presumptive evidence that the transaction happened just as stated until it is overcome by some competent proof. *Flannigan* v. *Tie & Lumber Co.,* 77 W. Va. 158; Jones on Evidence, § 469; Wigmor on Evidence, § 2433; *Shehy* v. *Cunningham,* 81 Ohio, State 289, 90 N. E. 805, 25 L. R. A. (N. S.) 1194, and note at page 1197; 10 R. C., title "Evidence" § 237; *Click* v. *Greene,* 77 Va. 827. It seems quite clear that a recital in a deed such as is contained in the deed involved in this case is *prima facie* evidence of the facts recited. It has just exactly the same effect as a receipt showing the payment of money would have, and the effect of such a receipt is well established in this jurisdiction. *Anderson* v. *Davis & Ould,* 55 W. Va. 429; *Onyx & Marble Co.* v. *Miller,* 74 W. Va. 686. It is not conclusive, but it is evidence that the payments recited to have been made were actually made, and is proof thereof in the absence of evidence impeaching its integrity. In addition to the recital in the deed that $1000.00 was paid in cash, the receipt of which was acknowledged, there is also introduced in evidence a check for $650.00 given by Milkint to Bulick on the 12th of March, 1919, the date on which the deed was delivered, and it is admitted by the plaintiff that this check was part of the cash payment. There is also introduced in evidence by the defendant a receipt dated May 6, 1919, for the sum of $1000.00 which recites upon its face that this sum was received in payment of the first deferred purchase money note on lots 115 and 116, and the note itself is likewise produced by Milkint, and as before stated there is introduced in evidence a check given by Milkint to Bulick on the 19th of August, 1919, in which there is a recital that it is in full of the note due December 1, 1919, and another check given on the same date for the sum of $28.33 which recites that it is for interest on the note. It is shown by the bank officers that Bulick endorsed both of these checks and deposited them

to the credit of his account on the day after their date. The plaintiff contends that the defendant has not proved the payment of the $3000.00; that the $650.00 check of March 12th, the receipt given in May for $1000.00, and the check of August, 1919, for $350.00, making $2000.00 in the aggregate, is all the competent evidence offered showing the payment of the debt, and the court below accepted this view.

It cannot be doubted from the authorities cited above that the recital referred to in the deed is competent evidence to show the payment of the sum of $1000.00, unless the plaintiff has successfully impeached it, and shown that that sum was not in fact paid at that time. It is admitted that the sum of $650.00 was then paid, but it is claimed that $350.00 of this cash payment was to be paid at a later date, and that some of the subsequent payments, or some part of them, must be applied to the discharge of this $350.00. The evidence offered by the plaintiff to impeach this recital in the deed is inconclusive and unsatisafctory. In fact, it may be said that it does not amount to evidence upon the question at all. The justice of the peace who took the acknowledgment testifies that at that time no money was paid by Milkint to Bulick, and he also says that the deed was not delivered at that time. Counsel for the plaintiff attempted to get him to say that there was some conversation in regard to a note being given representing the cash payment expressed in the deed, but he declined to make any statement of that kind, so that all his evidence amounts to is that there was nothing paid in his presence. Another witness, a brother of the plaintiff, testifies that a short time after this sale Joe Bulick showed him three notes signed by the defendant, but he did not know the amount of them, what they were for, or that they were notes except that Joe Bulick stated that they were, and upon being shown one of the receipts introduced in evidence, which it appears bore no resemblance whatever to the notes, and which was signed by Bulick instead of by Milkint, he stated that the paper shown him by Bulick was like the paper exhibited upon the examination. This evidence is entirely insufficient to overthrow the acknowledgment of the receipt of the money contained in the

deed. This acknowledgment is unequivocal, and the evidence to overcome it should at least be equally satisfactory and unequivocal. Such is not the case.· We are, therefore, constrained to hold that the evidence proves that $1000.00 was paid upon the delivery of the deed.

It is admitted that a thousand dollars was paid on the 6th· ·of May and whether admitted or not it is satisfactorily proven by a receipt introduced in evidence executed by Bulick, and by the first deferred purchase money note offered in evidence by Milkint.

This leaves for consideration the last note due December 1st. That there was at least $350.00 paid on this note there can be no question. There is no attempt made to show that Bulick did not get the check for $350.00 above referred to, or that it was not then in exactly the same condition that it was when offered in evidence, that is, that it contained a recital that it paid the balance of the note due December 1st; nor is there any attempt to show that such was not. the fact. What is the effect of this recital in the check received by Bulick and .endorsed and collected by him? In the case of *Polino.* v. *Keck,* 80 W. Va. 426, a check containing a recital that it was in full of account was offered in evidence and insisted upon as barring a right to recover, and we held in that case that the effect of such a recital in the check was the same as if a receipt had been given containing the language used therein; that it was subject to explanation but would be proof of payment unless overcome by some evidence. This, it occurs to us, settles the question here. If Bulick had given a receipt to Milkint for the sum of money for which the check was given and recited in that receipt that it was in full of the balance of the note due December 1, 1919, this would have been equivalent to saying, $650.-00 of this· note has been paid, and this $350.00 represents the remainder thereof, which is now paid. The recital in the check accepted and endorsed by Bulick must be taken to mean exactly the same thing, and to be an admission upon his part. It is not in any way contradicted or explained, and fully proves the payment of the note sued on in this case. The fact that the check given for interest on the same day is

for an amount which exactly equals the interest on $1000.00 from March 1st to August 19, 1919, is also significant.

We are clearly of the opinion that the evidence shows that the purchase money for these lots has been fully paid, and the court below should have so decreed. We will enter that decree here, and will remand the cause to the circuit court with directions to have the note delivered up to the defendant for cancellation, and the lien reserved in the deed properly released.

*Reversed; Decree for defendant.*